0575

Danny I. DAVIS, Employee, Respondent, v. LA-Z-BOY CHAIR COMPANY,
Operating as a self-insured Employer, Appellant.

(337 S. E. (2d) 238)

Court of Appeals

*D. Laurence McIntosh* of *Wright, Scott, Blackwell &
Powers,* Florence, *for appellant.*

*Edward L. Graham* of *Zeigler, McEachin & Graham,*
Florence, *for respondent.*

Heard Oct. 22, 1985.

Decided Nov. 13, 1985.

SANDERS, Chief Judge:

This is a workers' compensation case. La-Z-Boy Chair
Company, the employer, appeals from an order of the Cir-
cuit Court reversing and remanding the case to the full
Industrial Commission with instructions to make specific
findings of fact and conclusions of law. We dismiss the
appeal without prejudice.

Our Supreme Court has repeatedly held that a Circuit
Court order remanding a workers' compensation case for the
taking of additional testimony does not involve the merits of
the action and is therefore interlocutory and not reviewable
for lack of finality. *See Owens v. Canal Wood Corp.,* 281 S. C.
491, 316 S. E. (2d) 385 (1984); *Hunt v. Whitt,* 279 S. C. 343, 306
S. E. (2d) 621 (1983); *Chastain v. Spartan Mills,* 228 S. C. 61,
88 S. E. (2d) 836 (1955).

The court further held in *Hunt* that any case which may be construed to authorize such appeals is overruled. Among the cases the court expressly overruled is the case of *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288 (1962). In *Drake* our Supreme Court entertained an appeal from a Circuit Court order remanding a workers' compensation case to the Industrial Commission for further and more specific findings of fact relative to the timeliness of the notice and filing of respondent's claim for benefits.

We hold therefore that an appeal from a Circuit Court order remanding a workers' compensation case for the purpose of making specific findings of fact is interlocutory and not reviewable by this court.

We dismiss the appeal in the instant case even though neither party has raised any issue as to the appealability of the Circuit Court order. When our Supreme Court dismissed the appeal in *Chastain*, it specifically held the fact that appealability of the order "has not been questioned or discussed by either party is of no consequence."

For these reasons, this appeal is

Dismissed without prejudice.

GARDNER and CURETON, JJ., concur.