1657

Thomas E. BALDWIN, Jr., Respondent v. JAMES RIVER CORPORATION and Aetna Casualty and Surety Company, Appellants.

(405 S.E. (2d) 421)

Court of Appeals

*William E. Shaughnessy* and *Stephen W. Evans,* both of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellants.*

*Dana C. Mitchell, III,* of *Mitchell, Bouten & Yokel,* Greenville, *for respondent.*

Heard April 15, 1991.

Decided May 6, 1991.

GOOLSBY, Judge:

In this workers' compensation case brought by Thomas E. Baldwin, Jr., James River Corporation and Aetna Casualty and Surety Company appeal the order of the circuit court that reverses the order of the commission and reinstates the order of the single commissioner. We vacate the circuit court's order and remand the case to the commission.

The single commissioner awarded Baldwin compensation "for permanent partial disability to [his] right arm totalling twenty (20%) percent of that member" because of an injury sustained by Baldwin as a result of a work-related accident. He also found Baldwin sustained a back injury as well, but he awarded no permanent partial disability for the injury. James River and Aetna appealed to the full commission. A divided, three-member panel of the commission concluded Baldwin suffered no injury to his back and no "permanent partial disability of his right arm as a result of the injury. . . ." The circuit court, after reviewing the evidence found in the record and noting the panel "[made] only conclusory findings of fact," held it "[could not] conclude that the decision of the [panel] is in any way supported by substantial evidence." It then reversed the panel's decision and reinstated the award of the single commissioner.

We agree with the circuit court that the panel's findings of fact are conclusory. As such, they are insufficient. *See* 73A C.J.S. *Public Administrative Law and Procedure* § 145, at 113 (1983) ("[G]eneralized, conclusory, or incomplete findings will not suffice as findings of fact."). Without specific and definite findings upon the evidence, a court on review of the panel's decision cannot determine whether to uphold the general finding or conclusion that Baldwin sustained neither an

injury to his back nor a permanent disability to his right arm, particularly since, as the record reflects, there are material facts in issue. *Gray v. Laurens Mill,* 231 S.C. 488, 99 S.E. (2d) 36 (1957); *see* S.C. CODE ANN. § 42-17-40 (Supp. 1990) ("The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, must be filed with the record of the proceedings. . . ."); *see also id.* § 1-23-350 (1986) ("Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."); D. SHIPLEY, SOUTH CAROLINA ADMINISTRATIVE LAW at 5-109 (1983) ("If an agency decision contains findings and conclusions, then a reviewing court can determine if the evidence supports the basic findings of fact. . . .").

Rather than reinstate the single commissioner's award after finding the panel's findings of fact conclusory and thus insufficient, the circuit court should have remanded the case to the commission for the commission to make definite and detailed findings of fact upon the evidence sufficient to enable a reviewing court to determine whether its findings of fact are supported by the evidence and whether it has properly applied the law to them. *Drake v. Raybestos-Manhattan, Inc.,* 241 S.C. 116, 127 S.E. (2d) 288 (1962), *overruled on other grounds, Hunt v. Whitt,* 279 S.C. 343, 306 S.E. (2d) 621 (1983). In effect, what the circuit court did here in reinstating the single commissioner's award was to determine the facts from conflicting evidence. Only the commission is authorized to do this. *Shealy v. Algernon Blair, Inc.,* 250 S.C. 106, 156 S.E. (2d) 646 (1967).

We therefore vacate the circuit court's order and remand the case to the commission for it to determine anew on the present record the issues raised by James River and Aetna Casualty in its grounds for review. This time the commission shall make sufficient findings of fact as to afford a reasonable basis for appellate review.

Vacated and remanded.

BELL and CURETON, JJ., concur.