THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Janet B. Agnew, Employee,       
Appellant,
 
 
 

v.

 
 
 
Spartanburg County School District No. 3, Employer, and South Carolina 
 School Board Insurance Trust, Carrier,       
Respondents.
 
 
 

Appeal From Spartanburg County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2004-UP-365
Heard April 6, 2004  Filed June 10, 
 2004

VACATED AND REMANDED

 
 
 
Andrew Nathan Safran, of Columbia, for Appellant.
Michael A. Farry, and David A. Wilson, both of Greenville, for Respondents.
 
 
 

 PER CURIAM:  In this workers compensation case, Janet Agnew 
 appeals the circuit courts decision affirming the Full Commissions ruling 
 that Agnew sustained a compensable injury to her back and was entitled to permanent 
 partial disability of 40%.  We vacate and remand.
FACTS
 Janet Agnew worked for Spartanburg County School District No. 3 
 as a teacher for approximately twenty-two years.  On September 19, 1995, she 
 sustained injuries while at school after tripping over tape that was stuck to 
 the floor.  Initially, Dr. Howard Tiller treated her for pain in her knees, 
 ankle, and shoulder.  Subsequently, Dr. Tiller saw her for pain in her lower 
 back. She was prescribed physical therapy, which included the use of a TENS 
 device.  It was noted that the TENS device helped relieve some pain.  
On September 16, 1996, Dr. Tiller found:  1) Agnew continued to have 
 back pain resulting from her September 1995 accident; 2) x-rays revealed degenerative 
 disk disease; 3) she had reached maximum medical improvement (MMI) and suffered 
 a 10% permanent physical impairment to her back; and 4) the TENS unit had helped 
 and was the most appropriate treatment to continue.  
Agnew continued seeing Dr. Tiller periodically, and on December 23, 
 1997, received an MRI, which indicated degenerative change.  In February 
 1998, Dr. Tiller noted Agnew had several lumbar epidurals, which helped considerably 
 with her leg pain.  Agnews counsel discussed the back injury with Dr. Tiller 
 in February 1998.  Dr. Tiller indicated the back pain/injury was related to 
 the September 1995 fall.  He further found:  the fall probably aggravated a 
 pre-existing degenerative disk disease; Agnews treatment had been geared toward 
 lessening her overall period of disability; and that given her progression 
 of symptoms required further treatment she had not reached MMI and would need 
 a surgical consultation from an orthopaedic spine specialist. 
Agnew was referred to Dr. Gerald Rollins for a surgical opinion as to her lower 
 back.  Dr. Rollins found she had moderately severe degenerative disk disease.  
 After initially refusing surgery, Agnew underwent a discectomy and a fusion 
 of the L5-S1 disk space.  The surgery improved her condition, though she continued 
 having pain and restricted motion. 
In July 1998, Agnew retired from her position as a schoolteacher.  She testified 
 that she was not physically able to perform the work.  Even though she was offered 
 other positions within the School District, she chose to remain retired.  
In January 1999, Dr. Rollins released Agnew from active treatment.  He found 
 the fusion should have solidified and indicated she needed medication for pain.  
 In June 1999, he found that the use of Ultram for pain was in Agnews long-term 
 benefit, determined she had a 12% permanent impairment to her back, and found 
 she had reached MMI.  In response to a questionnaire by the School District, 
 Dr. Rollins indicated in September 1999 that Agnew reached MMI in May 1999 and 
 her impairment was 10% to the spine.  
On April 7, 2000, Agnew underwent another evaluation, this time by Dr. Glenn 
 Scott.  Dr. Scott took Agnews history, noted that she relied upon pain medications, 
 and concluded:  1) she had reached MMI; 2) she would need to continue on pain 
 medications; and 3) assigned a total impairment to the back of 25%, which he 
 allocated as 20% to the injury and 5% to pre-existing conditions.  
Dr. Donald Johnson evaluated Agnew in August 2000.  He indicated:  1) the surgery 
 had helped to some degree; 2) she had to walk with a cane; and 3) she had extremely 
 limited range of motion.  Based on these findings, he concluded: 1) she had 
 reached MMI; 2) she sustained a 25% impairment to the spine; 3) she sustained 
 a 25% impairment to the whole person; and 4) that Agnew would not be able to 
 return to the workplace as a teacher. 
The following day, Agnew met with Dr. William Stewart for a determination of 
 vocational rehabilitation.  He noted the significance of her continued pain 
 and reliance upon pain medication.  He indicated it would be impossible for 
 her to return as a schoolteacher and that the use of the pain medication and 
 lower back pain made it difficult for her to even do sedentary work.  His final 
 conclusion was:  

[I]t is concluded that her prognosis for successful vocational rehabilitation 
 to some kind of lighter, alternative work or job has to be considered very poor 
 to nonexistent.  That is, Ms. Agnew will most likely remain unable to work and 
 vocationally disabled, as I do not believe a reasonably stable job market exists 
 for the types of services she is physically capable to providing/sustaining, 
 despite her level of education/sophistication.  

After receiving temporary total disability compensation in December 
 1998, Agnew filed for permanent total workers compensation benefits.  The single 
 commissioner held a hearing on October 31, 2000.  Agnew testified she continued 
 to experience significant lower back pain and required pain medication.  She 
 also testified that she could not sit or stand for long periods of time.  While 
 admitting to taking trips to both Hawaii and London, she testified that if she 
 increased her activity, she must take time off to recover.  
The single commissioner found Agnew had experienced an injury by 
 accident while employed by the School District, and the injury resulted in a 
 30% permanent partial disability to her back.  Agnew appealed this decision 
 to the Appellate Panel of the Workers Compensation Commission (Full Commission).  
 Her appeal contested many of the factual findings of the single commissioner 
 and asked that she be found more than 50% disabled.  
The Full Commission was split in its decision.  The majority issued 
 an opinion that found:  Agnew sustained a compensable injury by accident; had 
 received proper medical treatment since the accident; and had reached MMI on 
 May 1, 1999.  The majority concluded that Agnew was entitled to permanent partial 
 disability of 40%.  
The dissenting member of the Full Commission found:  the majority 
 overlooked significant evidence; neither sufficiently analyze[d] this evidence 
 nor addresse[d] its impact upon the primary issue in dispute; and . . . disregard[ed] 
 the only reasonable inference which may be gleaned from the evidence contained 
 in the hearing record.  The dissent articulated her belief that the majority 
 failed to make specific findings of fact as required, and that the implicit 
 findings of fact were insufficient to support their conclusion.  The dissent 
 concluded that Agnew was entitled to an award of permanent and total disability 
 compensation.  
On appeal to the circuit court, Agnew contended the Full Commission:  
 erred in finding she only had a 40% permanent disability to her back; failed 
 to make specific and sufficient findings of fact; and erred in not finding she 
 suffered greater than a 50% disability to her back.  The circuit court affirmed 
 the ruling of the Full Commission, finding its decision of 40% disability was 
 supported by substantial evidence and that the findings of fact made by the 
 Full Commission were legally and sufficiently detailed.  However, in making 
 its own determination, the circuit court included over three pages of evidence 
 to support its conclusion that was never specifically mentioned by the Full 
 Commissions majority order. Agnew filed a motion for reconsideration pursuant 
 to Rule 59(e), SCRCP.  The circuit court denied this motion.  Agnew appeals.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard 
 of review for decisions by the South Carolina Workers Compensation Commission.  
 Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981). 
 In workers compensation cases, the Full Commission is the ultimate fact finder.  
 Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  
 In an appeal from the Commission, this Court may not substitute its judgment 
 for that of the Commission as to the weight of the evidence on questions of 
 fact.  S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2003); Ellis v. Spartan Mills, 
 276 S.C. 216, 217, 277 S.E.2d 590, 591 (1981).  We can reverse or modify the 
 Full Commissions decision only if the claimants substantial rights have been 
 prejudiced because the decision is affected by an error of law or is clearly 
 erroneous in view of the reliable, probative, and substantial evidence on the 
 whole record.  S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2003); Adams v. Texfi 
 Indus., 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000).  Substantial evidence 
 is not a mere scintilla of evidence nor evidence viewed from one side, but such 
 evidence, when the whole record is considered, as would allow reasonable minds 
 to reach the conclusion the Full Commission reached.  Shealy, 341 S.C. 
 at 455, 535 S.E.2d at 442.
DISCUSSION
I.
Agnew argues the circuit court erred in affirming the decision of 
 the Full Commission given the Commissions findings were not sufficiently detailed 
 for a proper review of the ultimate holding.  She maintains the Full Commission 
 never explained its determination that Agnew was 40% disabled as compared to 
 the 30% found by the single commissioner or the more than 50% found by the Commissions 
 dissenting member.  Finally, Agnew contends there was uncontradicted evidence 
 that was neither examined nor explained by the Full Commission.  We agree with 
 Agnew that the Commissions failure to make specific findings of fact necessitates 
 that we remand this case to the Commission. 
Under the provisions of the Administrative Procedures Act, [a] final 
 decision shall include findings of fact and conclusions of law, separately stated.  
 Findings of fact, if set forth in statutory language, shall be accompanied by 
 a concise and explicit statement of the underlying facts supporting the findings.  
 S.C. Code Ann. § 1-23-350 (1986).  Section 42-17-40 of the Workers Compensation 
 Act also requires that an award include a statement of the findings of fact, 
 rulings of law, and other matters pertinent to the questions at issue.  S.C. 
 Code Ann. § 42-17-40(A) (Supp. 2003).  
Although the findings of fact and conclusions of law of an administrative body 
 need not be presented in any particular format, they must be sufficiently detailed 
 to enable the reviewing court to determine whether the findings are supported 
 by the evidence.  Parsons v. Georgetown Steel, 318 S.C. 63, 66, 456 
 S.E.2d 366, 367-68 (1995); Able Communications, Inc. v. South Carolina Pub. 
 Serv. Commn, 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986).  Without specific 
 and definite findings upon the evidence, a court on review of the panels decision 
 cannot determine whether to uphold the general finding or conclusion . . . .  
 Baldwin v. James River Corp., 304 S.C. 485, 486, 405 S.E.2d 421, 422 
 (Ct. App. 1991).  Implicit findings of fact are not sufficient.  Aristizabal 
 v. Woodside-Div. of Dan River, Inc., 268 S.C. 366, 370-71, 234 S.E.2d 21, 
 23 (1977).  Where material facts are in dispute, the administrative body must 
 make specific, express findings of fact.  Id.   
In Nettles v. Spartanburg Sch. Dist. #7, 341 S.C. 580, 590-91, 535 S.E.2d 
 146, 151 (Ct. App. 2000), this Court explained the procedural necessity of specific 
 findings of fact, stating:

The commission must make specific findings of fact upon which a claimants right 
 to compensation are based.  See S.C. Code Ann. § 1-23-350 (1986); Shealy 
 v. Algernon Blair, Inc., 250 S.C. 106, 109, 156 S.E.2d 646, 648 (1967); 
 73A C.J.S. Public Administrative Law and Procedure § 144, at 104 (1983) 
 (Where the requirements as to administrative findings are contained in statutes, 
 the findings must comply therewith.).  In fact, awards without such specific 
 findings do not comply with the requirements of the [workers compensation] 
 act and are illegal.  Id. at 110, 156 S.E.2d at 648; see also 
 Airco, Inc. v. Hollington, 269 S.C. 152, 160, 236 S.E.2d 804, 808 (1977) 
 (finding that the commission has a statutory duty to make a finding of fact 
 for all essential factual issues.).  This court cannot make findings of fact 
 when the commission has failed to do so because, in doing so, this court would 
 improperly assume the commissions role as factfinder.  Fox v. Newberry County 
 Memorial Hosp., 319 S.C. 278, 280, 461 S.E.2d 392, 394 (1995).  Because 
 the commission did not make specific findings of fact to support its ruling, 
 we must remand the issue to the commission.  See, e.g., Parsons v. 
 Georgetown Steel, 318 S.C. 63, 456 S.E.2d 366 (1995) (holding an order of 
 the commission that does not include sufficiently detailed findings of fact 
 must be remanded to the commission).

In the instant case, the order issued by the majority of the Full 
 Commission fails to set forth any specific findings of fact related to its determination 
 that Agnew suffered a 40% permanent partial disability to her back as opposed 
 to the 30% rating assigned by the single commissioner.  Moreover, the order 
 fails to provide any findings of fact regarding the essential issues of whether 
 Agnew was entitled to a finding of total disability or more than 50% permanent 
 partial disability.  The order merely states, The injury sustained by the Claimant 
 as a result of her accident on September 19, 1995 based on the medical evidence 
 and other evidence presented results in a permanent partial disability of 40% 
 loss of use of her back.  Thus, the Full Commission implicitly ruled 
 that Agnew did not suffer more than 50% disability and implicitly found against 
 the conclusions of Dr. William Stewart, the vocational rehabilitation examiner, 
 regarding her ability to perform some function.  
Furthermore, the Commission did not incorporate by reference the factual findings 
 of the single commissioners order.  Thus, the erroneous omission of detailed 
 factual findings in the Commissions order was not cured. 
 [1]   Cf. Eaddy v. Smurfit-Stone Container Corp., 355 S.C. 
 154, 168, 584 S.E.2d 390, 398 (Ct. App. 2003), cert. denied (May 13, 
 2004) (finding the Full Commissions incorporation of the single commissioners 
 findings of fact and conclusions of law by reference provided the circuit court 
 with sufficiently definite and detailed findings to allow the circuit court 
 to ascertain whether the findings by the Commission were supported by the evidence 
 and whether the law was correctly applied).
Additionally, the circuit court, in affirming the Full Commissions decision, 
 utilized over three pages to set forth findings of fact detailing the evidence 
 it found supported the Full Commission.  However, when the Full Commission failed 
 to set forth findings of fact on its own, the circuit court could not make its 
 own findings of fact without improperly assuming the role of the Full Commission.  
 See Nettles, 341 S.C. at 590-91, 535 S.E.2d at 151 (stating an 
 appellate court cannot make findings of fact when the commission has failed 
 to do so because, in doing so, [the appellate] court would improperly assume 
 the commissions role as factfinder).
Therefore, we vacate the circuit courts order and remand to the 
 Full Commission to make detailed findings of fact.  We instruct the Commission 
 to review all of the evidence in the present record when making its factual 
 findings and conclusions as to Agnews degree of disability.  See Sigmon 
 v. Dayco Corp., 316 S.C. 260, 262-63, 449 S.E.2d 497, 498-99 (Ct. App. 1994) 
 (vacating circuit courts order and remanding to Full Commission where Full 
 Commission did not make findings of fact and circuit court improperly made its 
 own findings of fact with regard to claimants injury); Baldwin, 304 
 S.C. at 487, 405 S.E.2d at 423 (vacating circuit courts order and remanding 
 case to Full Commission to make definite and detailed findings of fact on present 
 record where Full Commissions findings of fact were conclusory as to claimants 
 award).  
II.
As to the merits of her appeal, Agnew asserts there was uncontradicted 
 evidence from Dr. William Stewart indicating she was permanently and totally 
 disabled and would be unable to work.  Additionally, she contends her treating 
 physicians directions for her to continue to use prescription medication and 
 to consider chronic pain management are evidence in favor of finding she is 
 more than 50% permanently disabled.  Finally, she maintains the only reasonable 
 inference arising from the evidence is that she experienced a 50% loss of use 
 of her back and has been rendered permanently and totally disabled.  Thus, the 
 Full Commissions decision is not supported by substantial evidence, but rather, 
 is based on an error of law.
In light of our decision to remand this case to the Full Commission, 
 we need not address this issue.  See Futch v. McAllister Towing of 
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting 
 that an appellate court need not address appellants remaining issues when its 
 determination of a prior issue is dispositive); Whiteside v. Cherokee County 
 Sch. Dist. No. One, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (stating 
 appellate court need not address remaining issues when determination of prior 
 issue is dispositive).
Accordingly, the decision of the circuit court is
 VACATED AND REMANDED.    
HUFF and STILWELL, JJ., and CURETON, AJ., concur.

 
 [1]   In contrast to the final order, the Full Commissions 
 order that affirmed the single commissioners decision to award Agnew temporary 
 total disability benefits specifically incorporated the single commissioners 
 order.