656 S.E.2d 395

**Bobby S. FOGGIE, Sr., Employee, Appellant,**

v.

**GENERAL ELECTRIC CO., Employer, and Electric Insurance Co., Carrier, Respondents.**

No. 4330.

Court of Appeals of South Carolina.

Submitted Dec. 1, 2007.

Decided Jan. 10, 2008.

Kathryn Williams, of Greenville, for Appellant.

David Hill Keller, of Greenville, for Respondents.

HUFF, J.

In this workers' compensation action, Bobby S. Foggie, Sr. appeals the circuit court's order affirming in part the order of the South Carolina Workers' Compensation Commission, but also remanding two matters to the Commission. We find the

interlocutory order of the circuit court is not immediately appealable, and therefore dismiss this appeal.[1]

## FACTUAL/PROCEDURAL BACKGROUND

Foggie began working for General Electric around 1967. On June 19, 2000, while working as a machine operator, he was injured when a wrench he was using to tighten a bolt slipped, causing him to fall. Foggie sought benefits for injuries to his back, neck, right shoulder, right upper extremity, and psyche as a result of the accident, and claimed he was permanently and totally disabled. General Electric admitted Foggie suffered an injury by accident to his right shoulder, but denied related injury to any other body part or system and denied Foggie was permanently and totally disabled.

By order dated November 23, 2004, the Single Commissioner found Foggie sustained a compensable injury to his back, right upper extremity, and psyche, and that he was permanently and totally disabled "as a result of his injury by accident; the combination of his related physical and psychological injuries, restrictions, and limitations; and his inability to return to any work and complete loss of earning capacity." In reaching this determination, the Commissioner found it was the opinion of Dr. Tollison that claimant was permanently and totally disabled as a result of the combination of the physical and psychological injuries caused by the injury by accident. The Commissioner also noted Foggie had received a prior workers' compensation award with General Electric involving an injury to another part of his body, but found there was no evidence concerning the amount of the disability and therefore General Electric was not entitled to any credit for previous permanent partial disability benefits paid for that claim. While the Commissioner found Foggie suffered from preexisting post-traumatic stress disorder resulting from his service with the military in Vietnam, no finding was made as to General Electric's entitlement to any credit for Foggie's previous disability assessment by the Veteran's Administration.

General Electric appealed to the Appellate Panel contending, among other things, the Single Commissioner erred in

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

finding Foggie suffered an injury to his psyche, finding Foggie was totally and permanently disabled, failing to award General Electric credit for a prior 10% award in a previous workers' compensation claim, and failing to give General Electric credit for a 30% award Foggie previously received from the Veterans Administration. The Appellate Panel found Foggie sustained a compensable injury to his psyche and that he was permanently and totally disabled, but determined General Electric was entitled to credit for a previous 10% workers' compensation award involving Foggie's leg. While the Appellate Panel found Foggie suffered from preexisting post-traumatic stress disorder as a result of his military service, it made no finding regarding whether General Electric was entitled to any credit for this previous disability. The Appellate Panel, like the Single Commissioner, found Dr. Tollison opined that Foggie was permanently and totally disabled as a result of the combination of the physical and psychological injuries caused by the injury by accident.

▪ General Electric appealed to the circuit court, asserting the Commission erred in (1) finding Foggie sustained an injury to his psyche, (2) finding Foggie was entitled to permanent total disability benefits as a result of his injuries, and (3) failing to grant General Electric a credit for a 30% disability assessed by the Veterans Administration. Foggie also appealed, contending the Commission erred in granting General Electric credit for 10% loss of use of Foggie's lower extremity as a result of a previous accident. The circuit court affirmed the Commission's findings that Foggie sustained injury to his psyche and that General Electric was entitled to a 10% credit for the prior workers' compensation award for Foggie's leg. However, it remanded on the issue of permanent total disability, as well as that of credit for the 30% psychological disability. The court found the Commission, in making its determination on permanent total disability, considered a statement from Dr. Tollison which was to have been excluded from the record. The court thus remanded the case to the Commission with instructions to review the record without considering the excluded material and to determine whether its findings and conclusions should be altered in any way. The circuit court remanded the issue of the 30% disability assessed by the Veterans Administration for Foggie's combat-related post-

traumatic stress disorder, finding the Commission made "absolutely no ruling and no findings of any kind" on the issue, and instructed the Commission to review the record and applicable law and make specific findings concerning General Electric's entitlement to the claimed credit. This appeal followed.

## LAW/ANALYSIS

Foggie asserts the circuit court erred in (1) failing to find substantial evidence supports the Commission's finding that he is entitled to permanent total disability compensation benefits, (2) affirming the Commission's finding that General Electric is entitled to credit for an unrelated award of 10% permanent partial disability to Foggie's leg, and (3) failing to reject General Electric's claimed credit for Foggie's alleged service-related disability. General Electric contends, however, the order of the circuit court is interlocutory and therefore not directly appealable. We agree with General Electric, and thus dismiss this appeal.

■ Appellate review of workers' compensation decisions is governed by the Administrative Procedures Act. *Geathers v. 3V, Inc.*, 371 S.C. 570, 576, 641 S.E.2d 29, 32 (2007). Pursuant to section 1–23–390 of the South Carolina Code, "An aggrieved party may obtain a review of a *final* judgment of the circuit court or the court of appeals pursuant to this article by taking an appeal in the manner provided by the South Carolina Appellate Court Rules as in other civil cases." S.C.Code Ann. § 1–23–390 (Supp.2006) (emphasis added). Thus, our courts, "have consistently held that an order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable." *Montjoy v. Asten–Hill Dryer Fabrics*, 316 S.C. 52, 52, 446 S.E.2d 618, 618 (1994). *See also Davis v. La–Z–Boy Chair Co.*, 287 S.C. 121, 122, 337 S.E.2d 238, 239 (Ct.App.1985) (holding an appeal from a circuit court order remanding a workers' compensation case for the purpose of making specific findings of fact is interlocutory and not reviewable by the court of appeals); *Owens v. Canal Wood Corp.*, 281 S.C. 491, 491–92, 316 S.E.2d 385, 385 (1984) (holding the order of the circuit court did not involve the merits of the action and was therefore interlocutory and

not reviewable by the supreme court for lack of finality); *Hunt v. Whitt*, 279 S.C. 343, 343, 306 S.E.2d 621, 622 (1983) (holding interlocutory order of the circuit court remanding the workers' compensation matter for taking additional medical evidence did not involve the merits of the action and therefore was not reviewable by the court for lack of finality).

Our courts have recognized that, in some situations, remand orders from the circuit court to the Commission may be immediately appealable. In *Brown v. Greenwood Mills, Inc.*, 366 S.C. 379, 622 S.E.2d 546 (Ct.App.2005), *cert. denied* (Jan. 31, 2007), this court found the circuit court's order finally determined the issue on the merits—that the employee's smoking contributed to his disability—and that the remand by the circuit court determined with finality whether there would be a reduction in compensation, only leaving the determination of the percentage of apportionment for the Commission. *Id.* at 387–88, 622 S.E.2d at 551. Accordingly, where the circuit court's order constitutes a final decision on the merits and the remand order has no effect on the finality of the decision, the order is immediately appealable.

Turning to the case at hand, we find the circuit court order remanding the two issues to the Commission is not a final decision on the merits and the order therefore is not immediately appealable. The circuit court did not make a final determination regarding whether or not Foggie was totally and permanently disabled, but remanded the matter for reconsideration by the Commission without reliance on the evidence that had been excluded from the record. The court likewise did not make a final determination of whether General Electric was entitled to a credit for a previous Veterans Administration disability award to Foggie, but remanded the matter to the Commission to review the record and applicable law and make specific findings as to any entitlement to credit General Electric might have.

We do not find persuasive Foggie's argument that the order is immediately appealable because the remand was unnecessary inasmuch as there is substantial evidence supporting the permanent total disability issue and General Electric is not entitled to a credit for the Veterans Administration disability as a matter of law. Both of these issues are clearly

matters within the purview of the Commission, not the circuit court or this court sitting in an appellate capacity. For in workers' compensation cases, the Appellate Panel is the ultimate finder of fact, and final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel. *Shealy v. Aiken County,* 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). Because these issues have not been properly considered by the Commission, the Commission having included admittedly excluded evidence on one and having failed to make any findings whatsoever on the other, the circuit court was correct in remanding the matters to the Commission. *See Baldwin v. James River Corp.,* 304 S.C. 485, 487, 405 S.E.2d 421, 422–23 (Ct.App.1991) (wherein the court of appeals remanded the case to the workers' compensation commission because the commission made insufficient findings of fact so as to permit appellate review of the commission's decision denying an award); *Drake v. Raybestos–Manhattan, Inc.,* 241 S.C. 116, 124, 127 S.E.2d 288, 292–93 (1962), *overruled on other grounds, Hunt v. Whitt,* 279 S.C. 343, 306 S.E.2d 621 (1983) (holding remand proper on circuit court's own motion in a workers' compensation case where the commission failed to make essential findings of fact because "[t]o hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the Commission to make essential findings of fact, or require the appellate court to make the omitted findings of fact which our statute forbids").

For the foregoing reasons, the appeal in this matter is **DISMISSED.**[2]

CURETON, A.J., concurs.

PIEPER, J., dissents in a separate opinion.

---

2. We take no position on the remaining issues in the circuit court's order. As previously noted, our courts have consistently held that an order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable. *Montjoy,* 316 S.C. at 52, 446 S.E.2d at 618 (1994). Additionally, piecemeal appeals are not favored by the court and should be avoided. *Hagood v. Sommerville,* 362 S.C. 191, 196, 607 S.E.2d 707, 709 (2005); *Hercules, Inc. v. S.C. Tax Comm'n,* 274 S.C. 137, 140, 262 S.E.2d 45, 47 (1980). The parties may challenge these issues when a final order is before this court.

PIEPER, J., dissenting:

Respectfully, I dissent. I would hold that the circuit court's order is subject to appellate review.

In the case *sub judice*, the circuit court finally determined an issue on the merits by affirming the Appellate Panel's conclusion that General Electric was entitled to a 10% credit for a previous workers' compensation award involving Foggie's leg. Thus, the circuit court did not merely remand for further proceedings, but finally determined the defense of set-off or credit that ultimately will be binding on the parties and the Commission on remand.

In *Brown v. Greenwood Mills, Inc.*, 366 S.C. 379, 622 S.E.2d 546 (Ct.App.2005), this court determined that the claimant's smoking contributed to his disability. The circuit court remanded to make findings as to the apportionment percentage with a corresponding reduction in the claimant's disability award. Although the circuit court left the percentage of apportionment up to the Commission on remand, this court nonetheless indicated that the panel would have no choice but to allocate some part of the disability to a noncompensable cause and thus held that the circuit court's order constituted a final decision on the issue of apportionment and was appealable. Ultimately, the court reversed the order of the circuit court on the apportionment issue.

Here the question of the 10% credit or the amount thereof is no longer subject to review on remand although potentially affected by the proceedings on remand. While the majority opinion correctly notes that the credit for the Veterans Administration matter is not final, the majority does not address the final decision on the credit issue as to Foggie's leg, which credit is unrelated to the Veterans Administration matter. I greatly respect the concerns of the majority for judicial economy. However, even if judicial economy is considered, I would respectfully note that if the defense of set-off or credit is reviewed after remand, then it is just as likely that the matter would be sent back again to the Commission if that defense is ultimately overturned or modified which weighs against those notions of judicial economy. Accordingly, I would hold that determination by the circuit court regarding the 10% credit

constitutes a final decision on the defense of set-off or credit and is immediately appealable.