681 S.E.2d 918

Willie G. McCREA, Employee, Respondent,

v.

CITY OF GEORGETOWN, Employer, and South Carolina
Municipal Insurance Trust, Carrier, Appellants.

No. 4591.

Court of Appeals of South Carolina.

Heard June 10, 2009.
Decided July 13, 2009.
Rehearing Dismissed Aug. 31, 2009.

J. Hubert Wood, III and Jason A. Williams, of Charleston, for Appellants.

Steve Wukela, Jr., of Florence, for Respondent.

WILLIAMS, J.:

In this civil case, we must determine whether the trial court erred by failing to affirm the decision of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Commission) and remanding the case to the Commission. We dismiss the appeal.

## FACTS

Willie McCrea (Claimant) was employed as a firefighter for the City of Georgetown (Employer). In December 2003, Claimant was injured as he attempted to gain access to a

house that was on fire by ramming his left hip and left leg into the door. Employer admitted Claimant sustained an injury but denied Claimant suffered any significant impairment as a result of this injury.

In September 2005, Claimant responded to an automobile accident. Claimant allegedly suffered an injury to his neck and back as a result of placing an injured individual onto a backboard and lifting this person into an ambulance. Following this incident, Employer commenced payment of temporary total disability benefits and provided for medical treatment until August 2006.

At that time, Employer filed a Form 21 seeking to stop payment of temporary disability benefits. In connection with the 2003 injury, Employer contended Claimant had reached maximum medical improvement (MMI). With respect to the 2005 injury, Employer argued Claimant had been provided adequate medical care, and Claimant had reached MMI.

Conversely, Claimant alleged he had yet to reach MMI and sought further medical treatment. Alternatively, Claimant argued if he were found to be at MMI, then he should be awarded compensation for permanent and total disability and lifetime causally related medical treatment. Additionally, Claimant claimed a causally related and compensable psychological condition as a result of either or both the 2003 and 2005 injuries. Moreover, Claimant alleged an injury to his left wrist involving carpal tunnel syndrome as a result of the 2005 accident.

The single commissioner held a hearing in October 2006, and issued an order in December 2006. In this order, the single commissioner concluded Claimant had reached MMI for both injuries, Claimant's alleged psychological condition was not related to either the 2003 or 2005 injuries, Claimant had not sustained permanent disability or loss of use to any scheduled body part, and Claimant's alleged carpal tunnel syndrome was not related to the 2005 accident. The single commissioner granted Employer's stop payment request and relieved Employer of any liability for further medical treatment. Claimant appealed this decision to the Commission, and the Commission affirmed the single commissioner's decision in full. Thereafter, Claimant appealed to the circuit court. The circuit court reversed the Commission and re-

manded the case so additional testimony and evidence could be entered into the record. This appeal followed.

## STANDARD OF REVIEW

"The South Carolina Administrative Procedures Act governs judicial review of a decision of an administrative agency." *Clark v. Aiken County Gov't,* 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct.App.2005). "Any review of the [C]ommission's factual findings is governed by the substantial evidence standard." *Lockridge v. Santens of Am., Inc.,* 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct.App.2001). Under this standard, a reviewing court will not overturn a decision by the Commission unless the determination is unsupported by substantial evidence or is affected by an error of law. *Rodriguez v. Romero,* 363 S.C. 80, 84, 610 S.E.2d 488, 490 (2005).

## LAW/ANALYSIS

Initially, we must determine the appealability of the circuit court's order. "[A]n order of the circuit court remanding a case for additional proceedings before an administrative agency is not directly appealable." *Foggie v. Gen. Elec. Co.,* 376 S.C. 384, 388–89, 656 S.E.2d 395, 397–98 (Ct.App.2008). In some situations remand orders from the circuit court to the Commission may be immediately appealable. *Id.* Namely, if the circuit court's order is a "final judgment," then it is immediately appealable. *Id.*

"Generally, an order is a final judgment on one or more issues if it constitutes an ultimate decision on the merits." *Brown v. Greenwood Mills, Inc.,* 366 S.C. 379, 387, 622 S.E.2d 546, 551 (Ct.App.2005). "An order involves the merits if it finally determines some substantial matter forming the whole or part of some cause of action or defense in the case." *Id.*

In the current case, the circuit court remanded the case to the Commission for additional proceedings. The circuit court based its decision on the stipulations the parties had entered into prior to the hearing before the single commissioner. These stipulations included that Employer had admitted the 2003 and 2005 accidents occurred.

Employer conceded Claimant suffered injuries to his neck and spine arising out of the 2005 accident. The circuit court

found the single commissioner and the Commission disregarded the stipulations of the parties when the single commissioner concluded, after the record had closed, "I frankly question whether ... Claimant sustained the [2005] accident at all; however[,] given the [Employer's] good faith acceptance of the claim, the order proceeds under the assumption and theory that the September 2005 accident in fact occurred." According to Claimant, had he known the single commissioner planned to proceed only under the theory rather than accepting as fact he was injured, he would have put testimony into evidence regarding the nature and severity of the injuries. The circuit court found the single commissioner and the Commission ignored the fact the parties had agreed Claimant had suffered injuries from the accidents.

A stipulation is an agreement, admission, or concession made in judicial proceedings by the parties or their attorneys and is binding upon those who make them. *State v. Pichardo*, 367 S.C. 84, 94–95, 623 S.E.2d 840, 846 (Ct.App. 2005). The court must accept stipulations as binding upon the parties. *Id.* In the present case, the single commissioner and the Commission failed to recognize the fact that stipulations are binding on parties as well as the court. Consequently, they failed to accept as a legally binding fact Claimant suffered injuries from the 2005 accident.

The circuit court remanded the case to the Commission to allow Employer, if it deemed advisable, to withdraw its stipulations. Additionally, the circuit court remanded the case to allow Claimant to submit additional testimony as to the nature of the accidents and injuries incurred. Furthermore, the circuit court did not conclude Claimant did not have a compensable injury. Additionally, the circuit court did not rule Claimant had not reached MMI. The circuit court did not make a final determination regarding whether Claimant was totally and permanently disabled, nor did it advise the Commission that Employer was not entitled to stop payments. The circuit court did not instruct the Commission that Claimant had reached MMI or indicate to the Commission that Claimant's alleged psychological condition was not related to either the 2003 or 2005 injuries. The circuit court merely allowed the parties to submit additional testimony and evidence as they deem appropriate.

The circuit court's order was not a final judgment and did not involve the merits of the case. The circuit court remanded the case to the Commission so that additional evidence could be entered into the record without determining whether Claimant was disabled or whether Employer was entitled to stop payments. As such, this appeal is interlocutory. *See Foggie*, 376 S.C. at 389, 656 S.E.2d at 398 (holding an appeal was interlocutory where the circuit court did not make a final determination regarding whether or not a claimant was totally and permanently disabled and remanded the case for reconsideration by the Commission); *Brown*, 366 S.C. at 388, 622 S.E.2d at 551 (finding that because the circuit court's order mandated apportionment, the court left the percentage of apportionment to the Commission on remand, so the Commission would have no choice but to allocate some part of the claimant's disability to the non-compensable cause, thus the circuit court's order constituted a final decision on the issue of apportionment, making it appealable).

## CONCLUSION

Accordingly, the appeal is dismissed.

SHORT and LOCKEMY, JJ., concur.