THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Thomas E.
 Dority, Respondent,
 
 
 
 
 

v.

 
 
 
 
 MeadWestvaco, Appellant.
 
 
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
Judge

Unpublished Opinion No. 2011-UP-017
 Heard December 8, 2010  Filed January 25,
2011    

REVERSED AND REMANDED

 
 
 
 Kirsten Leslie Barr, of Mt. Pleasant; for Appellant.
 David T. Pearlman, of Charleston; for Respondent.
 
 
 

FEW, C.J.: This case is decided pursuant to Rule 220(b), SCACR.  MeadWestvaco appeals the circuit's court order
 reversing the appellate panel of the workers' compensation commission and
 reinstating the order of the single commissioner.  We reverse. 
In 2005, Dority filed a
 workers' compensation claim against MeadWestvaco alleging he suffered an
 accidental injury to his ears as the result of "working in [a] noisy
 area."  The single commissioner found that Dority suffered a compensable
 work related hearing loss injury.  The appellate panel vacated the single
 commissioner's order for failure to include sufficient findings of fact and
 remanded the matter.  On remand, a single commissioner concluded that Dority
 "established by a preponderance of the evidence that he sustained an
 injury by accident arising out of and in the course of his employment with the
 Defendant to both ears."  The appellate panel reversed and dismissed
 Dority's claim, finding "Claimant's current hearing loss and need for
 hearing aids was not caused by any injury, accident or injurious exposure
 arising out of or in the course of his employment with MeadWestvaco."  
Dority filed a petition for
 judicial review.[1]  The circuit court
 reversed the decision of the appellate panel based on two errors of law: 1) an
 improper limitation of what constitutes "injury by accident" and 2)
 an improper application of the "last injurious exposure rule."  In
 addition, the circuit court ruled that the facts were "undisputed,"
 made a finding that the claimant suffered a compensable injury by accident as a
 matter of law, and reinstated the single commissioner's order.  
MeadWestvaco contends that
 the circuit court erred in finding that the
 "undisputed facts established that [Dority] sustained a compensable injury
 by accident in 2004 as a matter of law" and in reinstating the single
 commissioner's order.  We agree. 
While the circuit court is
 authorized to reverse the appellate panel when it makes errors of law, the appellate panel of the workers' compensation
 commission is the ultimate finder of facts.  Grant v. Grant Textiles, 372
 S.C. 196, 200-01, 641 S.E.2d 869, 871 (2007); Shealy
 v. Aiken County, 341 S.C. 448, 455,
 535 S.E.2d 438, 442 (2000).  A circuit court is not permitted to substitute its
 judgment for the judgment of the workers' compensation commission as to the
 weight of evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(5)
 (2008).  If there is conflicting evidence with regard to factual issues, the
 factual findings must be made by the appellate panel.  See Baldwin v. James River Corp., 304 S.C. 485, 486-87, 405 S.E.2d 421, 422 (Ct. App. 1991)
 (vacating the circuit court's order and holding that by reinstating a single
 commissioner's order, the circuit court effectively determined facts from
 conflicting evidence). 
The evidence presented as to
 whether Dority suffered a compensable injury is disputed.  For example, one
 medical doctor testified Dority's hearing loss is attributable to noise
 exposure and another medical doctor concluded that Dority "does not have
 any occupationally induced hearing loss."    Because the evidence as to
 this factual issue is in conflict, it was improper for the trial court to
 determine that Dority suffered a compensable injury as a matter of law. 
Neither of the circuit
 court's legal rulings were appealed; thus, they are the law of the case.  See Eadie v. Krause, 381 S.C. 55, 66, 671 S.E.2d 389, 394 (Ct. App. 2008)
 (citing Charleston Lumber Co. v. Miller Hous. Corp., 338 S.C. 171, 175,
 525 S.E.2d 869, 871 (2000) (noting "an unchallenged ruling, right or
 wrong, is the law of th[e] case and requires affirmance.") (internal
 quotations omitted)).  We reverse and remand to the appellate panel to apply
 the circuit court's legal rulings to the facts of this case.
REVERSED AND REMANDED.
SHORT and WILLIAMS, JJ.,
 concur.

[1] This claim resulted from an injury that occurred
 before July 1, 2007, thus, the circuit court heard the appeal.  See 2007 S.C. Acts 111 (codified as amended at S.C. Code Ann. §
 42-17-60 (2007)).