THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Glenn Emmett
 Williams, Respondent,
v.
Lisa B. Williams, Appellant,
and
Lisa B. Williams, Third-Party Plaintiff, Appellant,
Landmark
 Builders of the Triad, Inc., Third-Party Defendant, Respondent.
 
 
 

Appeal From Horry County
 Wylie H. Caldwell, Jr., Family Court
 Judge

Unpublished Opinion No. 2011-UP-578
Submitted February 1, 2011  Filed
 December 20, 2011   

REVERSED AND REMANDED

 
 
 
C. Vance Stricklin, Jr., of West Columbia;
 and Katherine Carruth Goode, of Winnsboro, for Appellant.
Deborah Harrison Sheffield, of Columbia; and
 David R. Gravely, of Myrtle Beach, for Respondent Glenn Emmett Williams.
M. Brian Magargle, of Columbia, for Respondent
 Landmark Builders of the Triad, Inc.
 
 
 

PER CURIAM: This
 family court action concerns whether the family court erred in refusing Lisa
 Williams' (Mother's) request that it issue a Qualified Medical Child Support Order (QMCSO).  We reverse and remand.[1]
FACTS/PROCEDURAL HISTORY
 Glenn
 Emmett Williams (Father) and Mother were divorced in May 2008.  The marriage
 resulted in one child (Child).  By agreement of the parties, approved by the
 family court, Mother was granted primary custody, Father was given secondary
 custody, physical placement of Child was to be with Mother, and visitation was
 established.  Father was required to pay child support and to continue to
 maintain health and dental insurance coverage for Child.
 In
 September 2008, Father filed an amended complaint seeking custody of Child and
 attorney's fees among other relief.[2] 
 Mother filed an answer and counterclaim seeking sole custody, modification of
 the summer visitation schedule, half of the private school tuition, and
 attorney's fees.  Additionally, Mother sought an order holding Father in
 contempt for not paying or reimbursing medical expenses and requiring Father to
 forward the "Explanation of Benefits" from the health insurer
 for claims for Child.[3]  She requested the family
 court issue a QMCSO to require Father's employer and health insurer to provide
 her with direct access to Child's insurance benefits and information.
 In
 February 2009, Mother filed an amended answer, which included a third-party
 counterclaim against Father's employer, Landmark Builders of the Triad, Inc.,
 seeking an order interpreting the prior orders as QMCSOs, issuing a QMCSO, finding
 Father and the Employer in contempt, and awarding attorney's fees.  Landmark
 filed an answer to the third-party complaint, denying that any prior order it
 had received was a QMCSO.  
At the outset of trial, the family court continued the
 third-party action and heard the issues solely between Mother and Father.  Father's
 counsel stated Father had no problem with the family court entering a QMCSO. 
 Father also testified that he agreed with issuing a QMCSO.  However, he
 believed the order only needed to provide for Child to continue receiving
 insurance coverage if Father was terminated from his employment.  He believed
 Mother wanted any order issued to give her control over Father's insurance
 options.  Father testified he had no objection to the QMCSO draft that said
 that Child "has a right to health care."  Following trial, the family
 court denied Mother's request for a QMCSO, finding Father had "fulfilled
 his responsibilities under all previous orders." Additionally, the family
 court denied Mother's request for attorney's fees and ordered her to pay $3,500
 of Father's attorney's fees.[4] 
 This appeal followed.   
STANDARD OF REVIEW
The appellate court reviews decisions of
 the family court de novo.  Lewis v. Lewis, 392 S.C. 381, 390, 709 S.E.2d
 650, 654-55 (2011).  The appellate court generally defers to the factual
 findings of the family court regarding credibility because the family court is
 in a better position to observe the witness and his or her demeanor.  Id. at 390-92, 709 S.E.2d at 654-55.  The party contesting the family court's
 decision bears the burden of demonstrating the family court's factual findings
 are not supported by the preponderance of the evidence.  Id. at 392, 709
 S.E.2d at 655.
LAW/ANALYSIS
I.  QMCSO
Mother argues the family court erred in failing to
 issue a QMCSO.  She maintains the family court erred in requiring her to show
 Father had not complied with the existing order for it to issue a QMCSO for
 Child.  We reverse and remand.
"A stipulation is an agreement,
 admission, or concession made in judicial proceedings by
 the parties or their attorneys and is binding upon those who make them.  The
 court must accept stipulations as binding upon the parties."  McCrea v.
 City of Georgetown, 384 S.C. 328, 332, 681 S.E.2d 918, 921 (Ct. App.
 2009) (citation omitted).  
Because Father and his counsel conceded to
 the family court issuing a QMCSO, the family court erred in failing to do so. 
 Our search of jurisprudence revealed nothing to support the family court's
 reliance on Father's fulfilling his obligation under the current order as a
 basis for denying Mother's request.  Accordingly, we reverse
 and remand for the family court to issue an order that satisfies the
 requirements for a QMCSO.  See 29 U.S.C.A. § 1169(a)(2)(A) (2009)
 (defining a QMCSO).
II.  Attorney's Fees
Mother maintains the family court erred in awarding
 Father attorney's fees and in failing to award her attorney's fees because the
 family court failed to consider the required factors in determining whether to
 award attorney's fees, only considering the beneficial results obtained by
 Father.  We agree.
The family court has discretion in
 deciding whether to award attorney's fees.  Donahue v. Donahue,
 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989); see also Lewis v. Lewis, 392 S.C. 381, 394, 709 S.E.2d 650, 656
 (2011) ("[T]he decision
 to award attorney fees [] rests within the sound discretion of the family
 court.").  In deciding whether to award attorney's fees, the family court
 should consider (1) each party's ability to pay his or her own fee; (2) the
 beneficial results obtained by the attorney; (3) the parties' respective
 financial conditions; and (4) the effect of the fee on each party's standard of
 living.  Patel v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004). 
 In determining reasonable attorney's fees, the six factors the family court
 should consider are "(1) the nature, extent, and difficulty of the case;
 (2) the time necessarily devoted to the case; (3) professional standing of
 counsel; (4) contingency of compensation; (5) beneficial results obtained;
 [and] (6) customary legal fees for similar services."  Glasscock v.
 Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  
Although it noted all of the appropriate factors to
 consider when determining what amount of fees are reasonable, the family court
 only considered the beneficial results factor when making its decision of whether to award attorney's fees.  Additionally, by determining the family court should
 have entered a QMCSO, the beneficial results have changed.  Accordingly, in
 light of the above, we reverse the family court's award of attorney's fees and remand
 the issue to the family court to consider all of the appropriate factors when
 determining whether to award either party attorney's fees.
CONCLUSION
Because Father agreed to the issuing of a QMCSO, the
 family court erred in failing to issue one.  Additionally, the family court
 failed to consider all of the appropriate factors when making its decision of
 whether to award attorney's fees.  Further, based on our determination that the
 family court erred in failing to issue a QMCSO, the beneficial results have
 changed.  Accordingly, the family court's decision is
REVERSED AND REMANDED.
FEW, C.J., and THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Father filed his original complaint in July 2008 as
 an attempt to prevent Mother from removing Child from public school and placing
 him in a private school, which included homeschooling three days a week. 
 Father also filed a motion for temporary relief to preserve the status quo as
 to Child's school placement.  While the family court was reviewing
 jurisdictional issues relating to Father's request, the court ordered Child
 attend the same school as he did the previous year.  During litigation, the
 private school Mother wanted Child to attend became an unviable option and
 Mother sought to move Child to a different private school.  Father did not
 object to the new private school and dropped all of his claims except for
 attorney's fees for Mother's counterclaims.
[3] Mother had sought an Explanation of Benefits from the
 health insurer, which had told her "the Plan Administrator (usually the
 employer) is responsible for validating a QM[CS]O. . . . It is the Plan
 Administrator's role to determine whether the QM[CS]O is valid and meets
 applicable state and federal requirements."  The following month, Mother's
 attorney sent, via certified mail, Father's employer, Landmark Builders of the
 Triad, Inc., a letter requesting it treat the divorce decree and order
 approving the custody agreement as QMCSOs.
[4] Father's affidavit for reimbursement for attorney's
 fees and costs incurred prior to trial amounted to $19,325.