**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

W.H. Bundy, Jr., Appellant,

v.

Bobby Brent Shirley, Respondent.

Appellate Case No. 2012-208007

Appeal From Kershaw County
Roderick M. Todd, Jr., Special Referee

Unpublished Opinion No. 2013-UP-153
Heard January 9, 2013 – Filed April 10, 2013
Withdrawn, Substituted and Refiled May 8, 2013

**REVERSED**

M. Brent McDonald, of Smith Bundy Bybee & Barnett, P.C., of Mount Pleasant, and Stephen A. Spitz, of Charleston, for Appellant.

John W. Wells, of Baxley, Pratt & Wells, P.A., of Lugoff, for Respondent.

**PER CURIAM:** This appeal arises out of a declaratory judgment action seeking a determination as to whether Respondent Bobby Brent Shirley has a prescriptive

easement over a road (the Disputed Road) on rural property owned by Appellant W.H. Bundy, Jr.  The special referee found that Shirley established a right to use the Disputed Road.  On appeal, Bundy argues the special referee erred by: (1) failing to require Shirley establish a right to a prescriptive easement by clear and convincing evidence; (2) finding that Shirley established a prescriptive easement over the Disputed Road; and (3) failing to rule that Shirley's inequitable conduct barred any relief sought by him in this action due to the doctrine of unclean hands.  We reverse.

1.  As to Bundy's argument that the special referee erred by finding that Shirley established a prescriptive easement over the Disputed Road, we agree because Shirley did not establish his use of the Disputed Road was adverse or under a claim of right for twenty years.  *See S.C. Dep't of Transp. v. Horry Cnty.*, 391 S.C. 76, 82, 705 S.E.2d 21, 24 (2011) (stating an appellate court "will not overturn a trial court's finding that an easement exists unless that conclusion is controlled by an error of law or without evidentiary support"); *Jones v. Daley*, 363 S.C. 310, 316, 609 S.E.2d 597, 599-600 (Ct. App. 2005) ("In order to establish an easement by prescription, a party must only show: (1) the continued and uninterrupted use or enjoyment of a right for a full period of twenty years; (2) the identity of the thing enjoyed; and (3) that the use or enjoyment was adverse or under a claim of right.").  Relying on *Revis v. Barrett*, 321 S.C. 206, 467 S.E.2d 460 (Ct. App. 1996), the special referee found that permission "does not defeat an easement by prescription based on a claim of right."  We find this to be an error of law.  *See Williamson v. Abbott*, 107 S.C. 397, 401, 93 S.E. 15, 16 (1917) ("The asking and obtaining of permission, whether from the tenant or owner of the servient estate, stamps the character of the use as not having been adverse, or under claim of right, and therefore as lacking that essential element which was necessary for it to ripen into a right by prescription.").  Here, the parties stipulated the property Shirley now owns was transferred to Shirley's parents on May 10, 1985.  The parties also stipulated: "In 2004, Shirley put up a gate located on the property line between the Bundy Property and the property owned by the Miller Family with the permission of Bundy."  Assuming Shirley's use of the Disputed Road was not permissive from 1985 until Bundy gave Shirley permission to build the gate in 2004, the nineteen-year time period is insufficient to establish a prescriptive easement.  In *Revis*, the landowner did not give the party asserting a prescriptive easement permission to use the disputed road; rather, the landowner recognized the right of the party to use the road.  *See Revis*, 321 S.C. at 210, 467 S.E.2d at 462 (finding evidence supported the master's finding that Revis' right to use the disputed road flowed from a "claim of right" and not from a grant of permission).  Based on the parties'

stipulations, Bundy's grant of permission for Shirley to build the gate defeats a claim of right or adverse use of the Disputed Road because the use of the Disputed Road was permissive. *See McCrea v. City of Georgetown*, 384 S.C. 328, 332, 681 S.E.2d 918, 921 (Ct. App. 2009) (noting stipulations are binding on the parties as well as the court); *Paine Gayle Properties, LLC v. CSX Transp., Inc.*, 400 S.C. 568, 585-86, 735 S.E.2d 528, 537-38 (Ct. App. 2012) (discussing permissive use of the disputed property and finding the granting of permission to use the property defeats a prescriptive easement claim). Furthermore, we also find the special referee erred by determining that because Shirley established "a prescriptive easement during the Bennett ownership period, it is unnecessary to establish a prescriptive easement during the Shirley ownership period." The Bennett family owned the property Shirley now owns from 1947-1968. In order to use the Bennett family's prescriptive use of the Disputed Road, Shirley was required to offer evidence that the Disputed Road continued to be used under a claim of right or in an adverse manner between the Bennett family's use and the Shirley family's use. However, Shirley presented no evidence that the use of the Disputed Road between 1968 and 1985 was adverse or under a claim of right. *See Kelley v. Snyder*, 396 S.C. 564, 575, 722 S.E.2d 813, 819 (Ct. App. 2012) (noting parties may "tack" the period of prior owners to satisfy the twenty-year prescriptive easement period if the prior owners are in privity and the prior owners' use was adverse or under a claim of right). Therefore, even if the special referee was correct that the Bennett family had a prescriptive easement over the Disputed Road, Shirley is unable to tack the Bennett family's use to establish his prescriptive easement claim. For the foregoing reasons, we find the special referee erred by finding Shirley established a prescriptive easement.

2. As to Bundy's remaining arguments on appeal, we decline to address these issues because the above findings are dispositive of the appeal. *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).

**REVERSED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**