20394

Hernando ARISTIZABAL, Appellant, v. I. J. WOODSIDE-DIVISION OF DAN RIVER, INCORPORATED, and Liberty Mutual Insurance Company, Respondents.

(234 S. E. (2d) 21)

*Messrs. Griffin & Howard,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

March 30, 1977.

GREGORY, Justice:

This is a workmen's compensation case. The Majority Commission affirmed the opinion of a Hearing Commissioner finding that Aristizabal sustained an injury by accident arising out of and in the course of his employment on March 13, 1975. Also affirmed was an award of benefits for temporary total disability from May 29, 1975 to July 21, 1975 due to a herniated disc an operation on that disc and for further medical care and treatment until maximum recovery was reached.

On appeal the circuit court reversed, holding: (1) there was a "total absence" of competent evidence to show a causal relationship between the injury and the operation; and (2) the Hearing Commissioner did not make an express finding, as required by *Mize v. Sangamo Electric Co.,* 246 S. C. 307, 143 S. E. (2d) 590 (1965), as to whether Aristizabal had reasonable excuse for not giving timely written notice of the accident to his employer. We think the Hearing Commissioner and the Majority Commission erred in not making a finding of fact on the issue of notice, and remand the case to a Full Commission for further remand to the Hearing Commissioner to make such a finding.

We review briefly the facts as developed before the Hearing Commissioner. On March 13, 1975 Aristizabal injured his back while working at the Woodside Mill. He notified his supervisor of the injury. (This was disputed by the supervisor.) On April 18, Aristizabal, who speaks only Spanish, consulted a Spanish-speaking physician. Aristizabal, complained of grippe and lower back and leg pains. On May 8, on the third visit by Aristizabal, the physician referred him to an orthopedic specialist. The specialist diagnosed the problem as a herniated (ruptured) disc, and performed a laminectomy on June 9. Aristizabal was out of work from May 29 to July 21.

Both physicians testified that Aristizabal had not told them of any injury at the mill, or of any injury to his back. Neither physician was asked directly whether there was a causal connection between the back injury and the herniated disc. The Spanish-speaking physician said, however, that the herniated disc did not arise gradually over the years. The orthopedist said Aristizabal could have aggravated a ruptured disc while doing the sort of work he did at the mill.

We disagree with the lower court's holding that there was no evidence to support the award. Section 72-356 of the Code (1962) says the Commission's award is "conclusive and binding as to all questions of fact." Our

review is limited to determining whether there was competent evidence to support the award. *Canady v. Charleston County School District,* 265 S. C. 21, 216 S. E. (2d) 755 (1975). Circumstantial evidence—lay testimony—may support an award. *Mize v. Sangamo Electric Co.,* 251 S. C. 250, 161 S. E. (2d) 846 (1968). Even when that testimony and medical testimony conflict, if the injury and the disability can be reasonably connected by the lay mind, a finding of causal relationship will be upheld by this Court. *Rollins v. Wunda Weve Carpet Co.,* 255 S. C. 1, 177 S. E. (2d) 5 (1970). Although the evidence in the present case is slight, we cannot say there was not competent evidence.

We agree with the lower court's holding that the Hearing Commissioner should have made a finding on notice to the employer. Section 72-301 of the Code (Cum. Supp. 1975) says the claimant must give timely notice to his employer of an accident and that compensation is not payable unless such notice is given within ninety days after the accident unless reasonable excuse is made for not giving such notice and the employer has not been prejudiced thereby. However, written notice has not been required since 1974 when the legislature deleted the word "written" from Section 72-301 by amendment effective August 31, 1974. Thereafter oral or actual notice was sufficient. Aristizabal's accident occurred March 13, 1975, when written notice was no longer necessary.

Section 72-354 of the Code (1962) charges the Hearing Commissioner with the duty of making findings of fact. Although notice was disputed issue in the present case, a specific finding on notice was not made by the Hearing Commissioner.

Aristizabal argues that the Hearing Commissioner implicitly found notice had been given by making the award. But an implicit finding is not enough. If a material fact is contested, the Hearing Commissioner must

make a specific, express finding on it. *Mize v. Sangamo Electric Co.*, 246 S. C. 307, 143 S. E. (2d) 590 (1965).

The order of the lower court is reversed and the case is remanded to the Full Commission for further remand to the Hearing Commissioner to make a finding on the issue of notice of the accident to the employer.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.