1381

Jane LLOYD, Respondent v. AT&T NASSAU METALS CORPORATION, Employer, and Self-Insurer, Appellant.

(383 S. E. (2d) 257)

Court of Appeals

*Weldon R. Johnson* and *R. Lewis Johnson* of *Barnes, Alford, Stork & Johnson*, Columbia, *for appellant.*

*Jonathan R. Hendrix* of *Hendrix & Steigner*, Lexington, *for respondent.*

Heard June 5, 1989.

Decided July 31, 1989.

*Per Curiam:*

This is a proceeding seeking additional workers' compensation benefits. Jane Lloyd, the employee, injured her knee while on the job in 1983. She and her employer, AT&T Nassau Metals Corporation, executed a Form 15 agreeing to a compensation rate of $198.67 per week. Thereafter, the parties executed a Form 16 agreeing to an award of 15% permanent partial disability to the left leg. This agreement was filed with and approved by the Commission. Following her return to work, Lloyd's condition worsened. Using the same compensation rate, Lloyd and AT&T agreed to an award of an additional 15% permanent partial disability to the left leg. The Commission approved the second Form 16 in June 1985. Lloyd again returned to work until May, 1986, when she decided she could no longer handle the physical requirements of her job. She quit her employment and filed a Form 50 with the Commission, seeking additional benefits based on a change of condition. The single commissioner denied her claim. The full Commission found a change of condition and made an additional award at the same rate used to determine prior awards to Lloyd. On petition for review, the circuit court affirmed the order of the Commission. AT&T appeals. We affirm.

The first issue on appeal is whether the court erred in holding there is substantial evidence on the record as a whole to support the Commission's findings that (1) Lloyd's physical condition had worsened enough to constitute a change of circumstances; and (2) Lloyd did not refuse employment suitable to her impaired capacity. We have reviewed the record on these two issues. In each instance, we find substantial evidence to support the Commission's findings. We note that the Commission is not bound to consider only the medical testimony before it. Circumstantial evidence and lay testimony can also support an award. *Aristizabal v. I. J. Woodside Division of Dan River, Inc.*, 268

S. C. 366, 234 S. E. (2d) 21 (1977). Accordingly, we affirm the circuit court.

The second issue is whether the court erred in refusing to adjust the rate of compensation to correct an alleged mistake in the weekly wage used to compute the rate in the original agreement. The Commission approved compensation based on this rate in three separate awards without appeal being taken by AT&T.

Section 42-17-10,[1] relating to compensation agreements between employer and employee, provides, in pertinent part:

> All such agreements shall be subject to adjustment and correction as to the compensation rate if subsequent to filing with the Commission it is determined that such rate does not reflect the correct average weekly wage of the claimant.

We interpret this language to permit correction of the compensation rate at any time before the Commission formally approves the rate of compensation. Once a single Commissioner approves the allegedly erroneous rate, the memorandum becomes enforceable as if it were an order of the Commission. *See* Section 42-17-10 and 42-17-70, Code of Laws of South Carolina, 1976, as amended. Thereafter, the proper remedy is a timely appeal to the full Commission and then to the courts. *See* Sections 42-17-50 and 42-17-60, Code of Laws of South Carolina, 1976, as amended. The administrative remedy provided by Section 42-17-10 no longer applies. This limitation promotes finality of the Commission's decisions and certainty as to the amount of compensation payable. It prevents the parties from reopening the amount of compensation long after the initial agreement has been settled. It is a rule of repose.

In this case, AT&T simply waited too long to avail itself of the statutory remedy for correction of the compensation rate. We affirm the circuit court's holding that "[i]t is now too late to question the compensation rate."

Affirmed.

---

[1] Code of Laws of South Carolina, 1976, as amended.