THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Geraldine Daniels, Employee, Respondent,
v.
Bi-Lo, Employer, and Mac Risk Management, Carrier,
Appellants.
 
 
 

Appeal From Horry County
John L. Breeden, Circuit Court Judge

Unpublished Opinion No. 2005-UP-572
Submitted October 1, 2005  Filed October 27, 2005

AFFIRMED

 
 
 
O. Shayne Williams, of Charleston, for Appellants. 
William I. Diggs, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Geraldine Daniels applied for workers compensation benefits alleging a change in physical condition.  The single commissioner, commission, and circuit court found Daniels sustained a change in condition for the worse, entitling her to payment of medical expenses and temporary total disability benefits.  Bi-Lo, as Daniels former employer, and its carrier (collectively Bi-Lo) appeal.  We affirm.[1]
FACTS
In April of 2001, Daniels sustained an injury while working for Bi-Lo.  By order dated December 13, 2002, the single commissioner found the injury compensable.  Bi-Lo appealed the commissioners order to the full commission.  While the appeal was pending, Daniels applied for additional benefits, alleging she sustained a compensable change in condition.  
For her initial injury, Daniels received medical care from Drs. Young and Poletti.  At that time, based on a 2001 MRI performed on Daniels, Dr. Young concluded that Daniels suffered [m]oderate to moderately severe degenerative disc/osteophyte disease . . . .  Dr. Poletti likewise examined the 2001 MRI and found Daniels would be a candidate for surgery but recommended against it because Daniels was experiencing unusual symptoms including blurred vision and ringing in her ears.  
In 2003, Daniels allegedly suffered a change in condition for the worse and sought treatment from Dr. Giddens.  Dr. Giddens ordered another MRI.  Dr. Giddens discussed performing anterior cervical discectomy and fusion . . . based upon an MRI scan demonstrating significant disc herniation . . . [and] also noted . . . that [Daniels] disc herniation was the likely culprit for her . . . symptoms.[2]  By letter dated January 20, 2004, Dr. Giddens conceded he could not answer . . . questions regarding whether or not [Daniels] condition was worsened . . . .  He stated, however, that Daniels reported increased pain and a worsened condition, and he recommended surgery.  
Dr. Young reviewed the 2003 MRI and found no change in condition.  Dr. Poletti also found no change in condition.  However, he agreed with Dr. Giddens that Daniels was now a surgical candidate and further opined that surgery could relieve some of Daniels pain.  
At the hearing before the single commissioner, Daniels testified that her pain had worsened since the initial award.  She explained:  The pain is longer, the pain is more, it comes on me more than it did.  Daniels also relied on the opinion of Dr. Giddens.  Bi-Lo relied on the opinions of Drs. Young and Poletti.  
The single commissioner concluded Daniels sustained a change in physical condition for the worse and ordered Bi-Lo to compensate Daniels for medical expenses and temporary total disability.  Both an appellate panel of the commission and the circuit court affirmed.  
STANDARD OF REVIEW
The determination of whether a claimant experiences a change in condition
is a question for the fact finder.  Krell v. South Carolina State Highway Dept, 237 S.C. 584, 588, 118 S.E.2d 322, 323-24 (1961).  The Administrative Procedures Act establishes the substantial evidence standard of review for factual findings made by the commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 133, 276 S.E.2d 304, 305 (1981).  Under the substantial evidence standard of review, this court may reverse the commissions findings only when they are unsupported by substantial evidence.  S.C. Code Ann. § 1-23-380(A)(6)(e) (2005).  Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Lark, 276 S.C. at 135, 276 S.E.2d at 306.  
LAW/ANALYSIS 
 Bi-Lo argues there was neither medical evidence nor claimant testimony supporting the finding that Daniels sustained a change in condition for the worse.[3]  We disagree.  A change in condition occurs when the claimant experiences a change in physical condition as a result of the original injury, after the initial award.  Gattis v. Murrells Inlet VFW #10420, 353 S.C. 100, 109, 576 S.E.2d 191, 196 (Ct. App. 2003).  The commission may consider lay testimony and medical evidence in determining if a claimant has suffered a change in condition.  Lloyd v. AT&T Nassau Metals Corp., 299 S.C. 207, 208, 383 S.E.2d 257, 258 (Ct. App. 1989). 
 The commissioner found Dr. Giddens more credible than Dr. Poletti in part because Dr. Poletti expressed an opinion that there was no change in condition but conceded that surgery could now relieve some of Daniels pain.  The commissioner further found Daniels to be credible.  The commission adopted these findings, and the circuit court affirmed.  Applying the substantial evidence rule of appellate review, as we must, we find evidence to support these findings.  
 CONCLUSION
 For the foregoing reasons, the order on appeal is
 AFFIRMED.
 HEARN, C.J., STILWELL and KITTREDGE, JJ., concur.
 
 [1]        We decide this case without oral argument pursuant to Rule 215, SCACR.
 [2]        Although Dr. Giddens records are not included in the record on appeal, his findings are summarized by the commissioner.  Bi-Lo does not challenge the commissioners summarization.  
 [3]        Although Bi-Lo lists three issues on appeal, it essentially raises only one issue:  whether there is error in the finding of a change in condition.