666 S.E.2d 297

**Albertha SANDERS, Employee, Respondent,**

v.

**WAL–MART STORES, INC., Employer, and American Home Assurance, Carrier, Appellants.**

**No. 4432.**

Court of Appeals of South Carolina.

Submitted Jan. 2, 2008.

Decided Aug. 19, 2008.

---

556

Johnnie W. Baxley, III, of Mt. Pleasant, for Appellants.

Margie Bright Matthews, of Walterboro, for Respondent.

HUFF, J.:

In this workers' compensation action, Wal–Mart Stores, Inc. appeals from an order of the circuit court reversing the Appellate Panel of the South Carolina Workers' Compensation Commission's finding that Albertha Sanders' knee injuries were not work-related. We reverse.[1]

## FACTS

On June 14, 2000, Albertha Sanders suffered an injury to her knee descending from a ladder while working at Wal–Mart. Wal–Mart acknowledged the injuries arising from this accident were compensable and provided medical treatment.

After receiving treatment for her injuries by several physicians, Sanders was diagnosed with chondromalacia patella, the softening and degeneration of the tissue underneath the kneecap. Sanders was released from treatment on February 15, 2001. At the time of her release, Sanders had returned to work without restrictions, other than to avoid stooping, kneeling, and squatting whenever possible.

In September of 2002, Sanders fell down stairs in her home and suffered an injury to her knee as a result. Following this incident, Sanders received medical care for her knee from Dr. Jeffrey Holman. Sanders filed this claim seeking workers' compensation benefits. Wal–Mart contested liability for this injury, asserting Sanders' September of 2002 fall in the home was an intervening act unrelated to her previous work-related injury and was not compensable.

The single commissioner found Sanders' knee injuries were causally related to the original injury in June of 2000 and

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

awarded Sanders temporary total disability benefits and payment of her medical expenses.

Wal–Mart appealed the findings of the single commissioner to the Appellate Panel. The Appellate Panel found the injuries in question were not causally related to her work-related incident and reversed the order of the single commissioner.

Following the Appellate Panel's decision, Sanders appealed to the circuit court. The circuit court reversed and remanded the case to the Appellate Panel for reinstatement of the single commissioner's order. This appeal followed.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes our standard of review of decisions by the South Carolina Workers' Compensation Commission. Accordingly, this court can reverse or modify the Appellate Panel's decision only if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Shealy v. Aiken County,* 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); S.C.Code Ann. § 1–23–380(A)(5) (Supp.2007). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." *Shealy,* 341 S.C. at 455, 535 S.E.2d at 442. The possibility of drawing two inconsistent conclusions does not prevent the Appellate Panel's conclusions from being supported by substantial evidence. *Tiller v. Nat'l Health Care Ctr. of Sumter,* 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999).

The Appellate Panel is the ultimate fact finder and is not bound by the single commissioner's findings of fact. *Ross v. American Red Cross,* 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel. *Id.*

## LAW/ANALYSIS

### I. Independent Intervening Cause

■ Wal–Mart argues the circuit court erred in reversing the order of the Appellate Panel. Specifically, Wal–Mart argues there was substantial evidence supporting the Appellate Panel's finding that Sanders' injuries from her September of 2002 fall were not causally related to her work-related accident. We agree.

■ It is not disputed that Sanders' injuries from the initial fall at work are compensable. Indeed, Wal–Mart paid workers' compensation benefits and medical expenses related to this incident. The sole issue before the Appellate Panel was whether Sanders' injuries arising out of her September of 2002 fall are compensable. As the Appellate Panel correctly noted, every natural consequence which flows from a compensable injury, unless the result of an independent intervening cause sufficient to break the chain of causation, is compensable. *Whitfield v. Daniel Constr. Co.*, 226 S.C. 37, 40–41, 83 S.E.2d 460, 462 (1954). The key issue for the Appellate Panel's determination was whether the September of 2002 fall was an "independent intervening cause."

In reversing the Appellate Panel, the circuit court held there was not sufficient evidence to support the Panel's conclusion because "there is no finding of fact by the [Appellate Panel] that the Claimant's subsequent fall was an independent cause." Wal–Mart, however, argues the Appellate Panel did find Sanders' September of 2002 fall was independent of her work-related injury.

■ Under the substantial evidence standard, an appellate court looks for all evidence which "would allow reasonable minds to reach the conclusion that the administrative agency reached *or must have reached in order to justify its action.*" *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (emphasis added). However, "if a material fact is contested, the [Appellate Panel] must make a specific, express finding on it." *Aristizabal v. I.J. Woodside–Division of Dan River, Inc.*, 268 S.C. 366, 370–71, 234 S.E.2d 21, 23 (1977). The findings of fact of the Appellate Panel must be sufficiently detailed to enable the reviewing court to determine (1) wheth-

er the law has been properly applied to those findings and (2) whether the findings are supported by the evidence. *Brayboy v. Clark Heating Co., Inc.*, 306 S.C. 56, 58–59, 409 S.E.2d 767, 768 (1991).

In the present case, we must determine whether the Appellate Panel properly applied the standard articulated in *Whitfield*. The sole issue before the Appellate Panel was whether Sanders' September of 2002 fall was causally related to the initial work-related accident. The Appellate Panel recognized the appropriate standard to be applied by citing and relying upon the holding of *Whitfield*, stating, "Every natural consequence which flows from a compensable injury, unless the result of an independent intervening cause sufficient to break the chain of causation, is compensable." The Appellate Panel found: "Claimant sustained an intervening accident in September 2002." It noted there was no evidence that Sanders' knee condition caused her to fall at home. In addition, it found "All of her injuries from the initial injury of June 14, 2000 had resolved, [Sanders] had returned to work with no restrictions, and she was not given a permanency rating. She did not seek additional medical treatment for twenty (20) months."

Looking at the language of the Appellate Panel's Order, we hold the findings sufficiently indicate the Appellate Panel found the September of 2002 fall was an "independent intervening cause sufficient to break the chain of causation" and thus the findings support the Appellate Panel's determination to deny Sanders' claims for benefits. Therefore, the circuit court erred in reversing the Appellate Panel's order for lack of such findings.

Having established the Appellate Panel found Sanders' September of 2002 fall was an independent intervening cause, we now turn to whether this finding is supported by substantial evidence.

At the December 16, 2004 hearing, Sanders testified she was released from care for the injuries immediately following her initial fall on February 15, 2001, and from that time she did not seek care for her knee until after she fell in her home in September of 2002. Furthermore, in her November 7, 2002 deposition she testified she was injured a week before she saw

Dr. Holman when her knee "gave out" while she was coming down her steps at home, and prior to this occasion, her knee had never given out before. Sanders' testimony shows a definite gap in time from the initial work-related injuries and the September of 2002 fall where she did not need medical treatment for her knee and could work full duty without restrictions. Therefore, her testimony supports the finding the September of 2002 fall was an independent intervening cause.

In addition to Sanders' testimony, the expert testimony of Sanders' treating physician, Dr. Holman, supports the conclusion the September of 2002 fall was an independent intervening cause. Dr. Holman testified Sanders was referred to him by her family physician, and his first visit with her occurred on October 7, 2002. Dr. Holman stated Sanders did not inform him of her subsequent fall in the home, which occurred approximately one week before this visit, or that following her initial work-related fall she returned to work full duty for approximately twenty months. Upon hearing Sanders' testimony regarding these facts in her deposition, Dr. Holman testified the knee problems he was treating her for were related to the September of 2002 fall rather than her initial fall at work. He explained the two similar incidents might suggest that the mechanism of the two falls was the same, so "either she had a knee problem before she fell at Wal–Mart or that she just slipped and fell on two occasions." Because of these two similar incidents, Dr. Holman testified he could not state "with a degree of medical certainty that her chondromalacia was responsible for the missed step a week prior to my visit."

Based on this evidence from the record, we hold there was substantial evidence to support the Appellate Panel's finding the September of 2002 fall was an independent intervening cause and thus Sanders' injuries arising from the fall were not compensable. Accordingly, we find the circuit court erred in reversing the Appellate Panel's decision.

## II. Scrivener's Error

Wal–Mart argues the circuit court erred in holding the Appellate Panel's citation of South Carolina Code Section 42–9–60 constituted reversible error. We agree.

Section 42–9–60 provides: "No compensation shall be payable if the injury or death was occasioned by the intoxication of the employee or by the wilful intention of the employee to injure or kill himself or another." S.C.Code Ann. § 42–9–60 (Supp.2007). As the circuit court correctly noted, there was no evidence showing Sanders was under the influence of intoxication or possessed the intent to injure herself and the Appellate Panel made no findings concerning such evidence.

Wal–Mart argues the Appellate Panel's citation of Section 42–9–60 was merely a scrivener's error, and instead the Panel intended to cite South Carolina Code Section 42–15–60 (Supp. 2007), which discusses medical benefits. Indeed, the Appellate Panel cited to Section 42–9–60 when concluding Wal–Mart was only responsible for the medical care Sanders received between June 14, 2000 and February 15, 2001.

We agree with Wal–Mart and hold the Appellate Panel's use of Section 42–9–60 was a scrivener's error. "An error not shown to be prejudicial does not constitute grounds for reversal." *JKT Co. v. Hardwick*, 274 S.C. 413, 419, 265 S.E.2d 510, 513 (1980). In the present case, the Appellate Panel's error in citing Section 42–9–60 is not prejudicial. Therefore, the circuit court erred in reversing the Appellate Panel on these grounds.

### III. Inappropriate Relief

In its last argument, Wal–Mart asserts the circuit court erred in granting relief that exceeds its authority. As we have reversed the circuit court's order for the above-stated reasons, we need not address this issue.

### CONCLUSION

For the foregoing reasons, the order of the circuit court is **REVERSED.**

PIEPER, J., and CURETON, A.J., concur.