THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jason Evans, Respondent,
 v.
 Dubard, Inc.,
 and Selective Insurance Company, Appellants.
 
 
 

Appeal From Chesterfield County
Paul M. Burch, Circuit Court Judge
Unpublished Opinion No.  2009-UP-260  
Submitted May 1, 2009  Filed June 1, 2009
AFFIRMED

 
 
 
 Michael
 W. Burkett, of Columbia, for Appellants.
 William
 P. Hatfield, of Florence, for Respondent.  
 
 
 

PER CURIAM:  Jason
 Evans suffered two injuries to his right knee and was awarded workers'
 compensation benefits for both injuries.  Dubard, Inc., and Selective Insurance
 Company appeal the award of benefits for the second injury, arguing the circuit
 court erred in finding the second injury was causally related to the first
 injury and in finding Evans had not reached maximum medical improvement (MMI)
 from the first injury when he suffered the second injury.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann.
 § 1-23-380(5) (Supp. 2008) (prohibiting the court from "substitut[ing] its
 judgment for the judgment of the agency as to the weight of the evidence on
 questions of fact"); Baxter v. Martin Bros., Inc., 368 S.C. 510,
 513, 630 S.E.2d 42, 43 (2006) (limiting appellate review of workers'
 compensation decisions to ascertaining "whether the circuit court properly
 determined whether the [A]ppellate [P]anel's findings of fact are supported by
 substantial evidence in the record and whether the [P]anel's decision is
 affected by an error of law"); Aristizabal v. I. J. Woodside-Div. of
 Dan River, Inc., 268 S.C. 366, 370, 234 S.E.2d 21, 23 (1977) (holding a
 causal relationship can be established if the injury and disability can be
 reasonably connected by the lay mind); S.C. Second Injury Fund v. Liberty
 Mut. Ins. Co., 353 S.C. 117, 122, 576 S.E.2d 199, 202 (Ct. App. 2003) ("'Substantial
 evidence' is evidence which, considering the entire record, would allow
 reasonable minds to arrive at the same conclusion reached by the administrative
 agency."); Etheredge v. Monsanto Co., 349 S.C. 451, 454-55, 562
 S.E.2d 679, 681 (Ct. App. 2002) (stating the Appellate Panel is the
 ultimate fact finder in workers' compensation cases, is not bound by the single
 commissioner's findings of fact, and makes the final determination of witness
 credibility and the weight to be accorded evidence); Nettles v. Spartanburg Sch. Dist. No. 7, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App.
 2000) (holding when there is conflicting medical evidence, the findings of fact
 of the Appellate Panel are conclusive); Corbin v. Kohler Co., 351 S.C.
 613, 618, 571 S.E.2d 92, 95 (Ct. App. 2002) (quoting Muir v. C.R. Bard,
 Inc., 336 S.C. 266, 282, 519 S.E.2d 583, 591 (Ct. App. 1999)) ("'[T]he
 possibility of drawing two inconsistent conclusions from the evidence does not
 prevent an administrative agency's findings from being supported by substantial
 evidence.'"); Mullinax v. Winn-Dixie Stores, Inc., 318 S.C. 431,
 436, 458 S.E.2d 76, 79 (Ct. App. 1995) (citing Whitfield v. Daniel
 Constr. Co., 226 S.C. 37, 83 S.E.2d 460 (1954)) ("[N]atural
 consequences flowing from a compensable injury, absent an independent
 intervening cause, are compensable.").
We
 need not reach the issue of whether Evans had reached MMI from his first injury
 at the time of his second injury because Appellants concede MMI is not in
 dispute if this court affirms the circuit court on the issue of causation.  
AFFIRMED.
HUFF, PIEPER,
 and GEATHERS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.