THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte: 
 C. Tyson
 Nettles, as Guardian ad Litem, Appellant,
 In Re:
 Charleston
 County Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 
 Latrina R.,
 Harry B., Harold B., and John Doe, representing the unknown biological father
 of minor children, Defendants,
 
 Of Whom Latrina
 R. is the Appellant.
 
 In the Interest
 of: A.F. and J.F., both minor children under the age of eighteen.
 
 
 

Appeal From Charleston County
Jan B. Holmes, Family Court Judge

Unpublished Opinion No. 2009-UP-570
 Submitted December 1, 2009  Filed
December 3, 2009

AFFIRMED

 
 
 
 C. Tyson Nettles, of Charleston, for
 Appellant Guardian ad Litem.
 David K. Haller, of Charleston, for Appellant
 Latrina R.
 Bonnie T. Brisbane, of North Charleston,
 for Respondent.
 
 
 

PER CURIAM: Latrina R. (Mother) appeals from the
 family court's order terminating her parental rights (TPR) to A.F. and J.F.
 (Children).  Mother argues the Charleston
 County Department of Social Services (DSS) did not prove by clear and
 convincing evidence the multiple grounds upon which the family court terminated
 her parental rights.  Mother further argues the application of section
 63-7-1710(B) of the South Carolina Code (2008) was unconstitutional because DSS
 decided the Children would be adopted before Mother had a full opportunity to
 be heard.   Lastly, Mother argues the family court erred in finding TPR was in
 the Children's best interest despite the guardian ad litem's (GAL) contrary
 recommendation.  Further, the GAL appeals, arguing (1) the TPR action was time
 barred because the permanency planning order of the family court required DSS
 to initiate the TPR action within sixty days and (2) the family court
 essentially overruled the prior order of another family court judge in allowing
 the action to proceed when the prior order was the law of the case.  We affirm.[1]
DSS took the Children into custody
 in May of 2005.  A permanency planning hearing was held March 10, 2006,
 and the family court ordered DSS to initiate the TPR action within sixty
 days.   However, DSS did not file the TPR action until February of 2007.  The
 family court held the TPR hearing from June 16 to 18, 2008.  At the time of the
 hearing, Mother, a recovering drug addict, was living in a residential
 treatment facility where children were not allowed, and she had not used drugs
 since July of 2007.   
1. As to the GAL's
 argument the TPR action was time barred, section
 63-7-1700(E) of the South Carolina Code (2008) provides if the court determines
 at the permanency planning hearing the child should not be returned to the
 parent at the time, the court's order must require DSS to file a TPR petition
 no later than sixty days after receipt of the order.  However, an appellant
 must demonstrate prejudice to be afforded relief on appeal.  Sanders v.
 Wal-Mart Stores, Inc., 379 S.C. 554, 562, 666 S.E.2d 297, 301 (Ct. App.
 2008).  
The GAL does not specifically
 articulate a prejudice argument on behalf of the Children; rather, he generally
 states that the timely determination of custody and adherence to procedure
 provides a just result.  While we agree with the GAL's observation, the
 prejudice to the Children is unclear.  The testimony shows A.F. worked through
 her grief and found peace in her pre-adoptive home, and J.F. did not remember
 Mother or have any concept of the proceedings.  Mother also does not
 specifically argue prejudice.  Mother did argue the delay effectively caused
 the Children to be in foster care for fifteen of the last twenty-two months. 
 However, Mother was still using drugs and had not provided support within sixty
 days of the permanency planning hearing.  Therefore, any prejudice the delay
 caused her is unclear.  
2. Concerning the GAL's argument that
 the family court overruled a previous family court order that was the law of
 the case, this argument was not raised, and thus, it is not preserved for
 review.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412,
 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial court to be preserved for appellate review.").
3. We affirm the family court's
 finding TPR was proper under section 63-7-2570(4) of the South Carolina Code
 (2008) because under the circumstances, Mother's support payments totaling $215
 and Christmas gifts were not material contributions to the Children's support.  S.C. Dep't of Soc. Servs. v. Broome, 307 S.C. 48, 53, 413 S.E.2d 835, 839 (1992)
 ("Conduct of the parent which evinces a settled purpose to forego parental
 duties may fairly be characterized as 'willful' because it manifests a
 conscious indifference to the rights of the child to receive support and
 consortium from the parent.");  S.C. Dep't of Soc. Servs. v. Cummings, 345
 S.C. 288, 296, 547 S.E.2d 506, 511 (Ct. App. 2001) (finding
 judicially-motivated repentance, standing alone, rarely warrants a finding of
 curative conduct, and it must be considered together with all the relevant
 facts and circumstances).[2]  
4. Concerning Mother's argument that
 the application of section 63-7-1710(B) of the South Carolina Code (2008) was
 unconstitutional because DSS decided the Children would be adopted before
 Mother had a full opportunity to be heard, section 63-7-1710(B) mandates: 
 "Concurrently with filing of the petition [for TPR], [DSS] shall seek to
 identify, recruit, process, and approve a qualified family for adoption of the
 child if an adoptive family has not yet been selected and approved." 
 Furthermore, Mother had notice and a full opportunity to be heard.
5. Despite Mother's
 arguments to the contrary, our review of
 the record indicates TPR is in the Childrens best interests.  In a termination
 of parental rights case, the best interests of the child are the paramount
 consideration.  S.C. Dep't of Soc. Servs. v. Smith, 343 S.C. 129, 133,
 538 S.E.2d 285, 287 (Ct. App. 2000).  If the parent's and child's interests
 conflict, the child's interest prevails.  See S.C. Code Ann. § 63-7-2620
 (2008).  The court considered the GAL's recommendation to return the Children
 to Mother but found it benefited Mother rather than recognizing the Children's
 interests prevailed.  Mother did not have a home for the Children, and she has
 a history of drug abuse with periods of sobriety and relapse.  Mother admitted
 neglecting the Children when using drugs, and she had not completed a treatment
 plan.  Additionally, the record contained evidence the Children were settled in
 with a stable pre-adoptive family and were doing well socially and
 academically.  Accordingly, the court did not err in finding the termination of
 Mother's parental rights was proper.  
The family court order terminating
 the parental rights of Mother is   
AFFIRMED.
HEARN, C.J.,
 WILLIAMS, and KONDUROS, JJ., concur.

[1]   We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]   Once one statutory ground is met, this court need
 not address whether any other ground for TPR has not been proved.  Stinecipher
 v. Ballington, 366 S.C. 92, 100 n.6, 620 S.E.2d 93, 98 n.6 (Ct. App.
 2005).