**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Megan Haley, Employee, Respondent,

v.

Tire Kingdom, Employer, and Hartford Insurance Co. of Midwest, Insurance Carrier, Appellants.

Appellate Case No. 2011-204708

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2013-UP-166
Submitted February 1, 2013 – Filed April 24, 2013

———————

**AFFIRMED**

———————

Ajerenal Danley, of Columbia, for Appellants.

Megan Haley, of Walterboro, pro se Respondent.

———————

**PER CURIAM:** In this workers' compensation case, the single commissioner denied a motion by Tire Kingdom and its carrier (collectively "Tire Kingdom") to enforce a settlement agreement. Tire Kingdom appealed the denial to the full commission, which dismissed the appeal as interlocutory. We affirm.[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

In September 2010, the single commissioner signed a consent order involving Tire Kingdom and Respondent Megan Haley.  Under the order, Tire Kingdom was to pay Haley temporary total disability, but the full extent of its liability was to be held in abeyance.  Tire Kingdom was also to pay certain medical bills and choose the authorized treating physicians.

In April 2011, Tire Kingdom requested a hearing, alleging Haley reached maximum medical improvement and refused medical treatment.  Tire Kingdom sought to terminate compensation and credit for alleged overpayments.  On July 7, 2011, the commission sent a notice to the law firm then representing Haley and to counsel for Tire Kingdom that a hearing was scheduled for July 26, 2011.  On July 20, 2011, Haley's attorney advised the commission that the parties settled the matter on a clincher.  Tire Kingdom confirmed the message, and the commission removed the hearing from its docket.

Haley's attorney later advised Tire Kingdom that Haley would not accept the agreement and returned all settlement documents to Tire Kingdom's attorney.  Tire Kingdom then moved for an order from the commission requiring Haley to execute the clincher agreement.  The single commissioner denied the motion in a summary order.  Tire Kingdom requested review by the full commission, which dismissed its appeal as interlocutory.

1.     Tire Kingdom argues the full commission erred in dismissing its appeal as interlocutory because (1) the order it sought to appeal involved the merits of the case and (2) the order affected a substantial right.  We disagree.

Under section 42-17-50 of the South Carolina Code (1985 and Supp. 2012), the commission shall review a workers' compensation award upon a timely application for review.  Under 8 S.C. Code Ann. Regs. 67-701 (2012), either or both of the parties may request commission review of a decision by a single commissioner.

Regarding settlement agreements, this court has stated:

> [Section 42-9-390 of the South Carolina Code (Supp. 2012)] requires settlement agreements to be in writing and filed with the Commission.  The requirement that a settlement agreement be committed to writing necessarily anticipates that the agreement will also be signed by the

> parties and *that it will not be binding until they have done so*. While closing papers which reflected the agreement of the parties had in fact been prepared in this instance, they were never signed; and until they were signed, *the papers represented nothing more than a settlement proposal*.

*Mackey v. Kerr-McGee Chem. Co.*, 280 S.C. 265, 271, 312 S.E.2d 565, 568 (Ct. App. 1984) (emphases added).[2] We found nothing in the record on appeal indicating the agreement had been signed by the parties and filed with the commission. Tire Kingdom had only a settlement proposal, which conferred no enforceable rights. Moreover, it still has the option to request another hearing before the commission to terminate compensation and receive credit for overpayments.

2.      In any event, we reject Tire Kingdom's second argument, i.e., that the commission erred in failing to find Haley entered into a binding agreement to dispose of her case.

Citing the current version of section 42-9-390 of the South Carolina Code (Supp. 2012), Tire Kingdom correctly argues there is no longer any requirement that the commission approve a settlement if the claimant and employer are represented by counsel. Section 42-9-390, however, still requires the employer to "file a copy of the settlement agreement with the commission." This requirement also appears in 8 S.C. Code Ann. Regs. 67-803 (2012), which includes specific instructions on how the filing is to be accomplished. The record contains no evidence that Tire Kingdom complied with the statute or the regulation; therefore, there was no binding agreement that could be enforced by the commission.

3.      Finally, Tire Kingdom complains that the orders of both the single commissioner and the full commission did not include sufficient findings of fact and conclusions of law for meaningful review by this court. We disagree.

---

[2] The version of section 42-9-390 appearing in the 2012 Supplement to the South Carolina Code was in effect during this litigation. Under the version of the statute in effect when *Mackey* was decided, all settlement agreements had to be approved by the commission. The present version of the statute does not require approval by the commission if each party is represented by an attorney; however, in such a case, the employer must still file a copy of the agreement with the commission.

We found no evidence in the record that Haley executed the clincher agreement or that Tire Kingdom filed it with the commission. Without these formalities, the agreement cannot be enforced. The absence of specific findings of facts in the orders of the single commissioner and the full commission does not prevent meaningful review by this court. *See Aristizabal v. I.J. Woodside-Div. of Dan River, Inc.*, 268 S.C. 366, 370-71, 234 S.E.2d 21, 23 (1977) (stating the hearing commissioner must make a specific, express finding "[i]f a material fact is contested").

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**