**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Alison Morrett, Employee, Claimant, Appellant,

v.

Capital City Ambulance, of GA, Ltd., and Companion Property and Casualty Group, Employer, Carrier, Respondents.

Appellate Case No. 2012-212972

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2015-UP-036
Heard November 3, 2014 – Filed January 14, 2015

———————

**AFFIRMED**

———————

Jack Bradley Baker, of J. Bradley Baker, LLC, of Lexington, for Appellant.

Michael E. Chase and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

———————

**PER CURIAM:** In this workers' compensation case, Alison Morrett (Claimant) appeals the order of the Appellate Panel of the Workers' Compensation

Commission (Appellate Panel), reversing the determination of the Single Commissioner that Claimant's admitted physical injury and attendant treatment aggravated her preexisting psychological condition and eating disorder. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: **Issues 1 & 6**. S.C. Code Ann. § 42-9-35(A) (Supp. 2013) ("The employee shall establish by a preponderance of the evidence, including medical evidence, that: (1) the subsequent injury *aggravated* the preexisting condition or permanent physical impairment . . . ." (emphasis added)); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [Appellate Panel] reached."); *Sanders v. Wal-Mart Stores, Inc.*, 379 S.C. 554, 558, 666 S.E.2d 297, 299 (Ct. App. 2008) ("The possibility of drawing two inconsistent conclusions does not prevent the Appellate Panel's conclusions from being supported by substantial evidence."). *Cf. Anderson v. Baptist Med. Ctr.*, 343 S.C. 487, 493-94, 541 S.E.2d 526, 529 (2001) (holding the Court of Appeals correctly reversed the Commission's finding that claimant's preexisting psychological condition was not aggravated by a work-related fall, finding *the only substantial evidence* in the record clearly showed her condition was aggravated by the fall where claimant testified that her mental illness worsened since the incident, claimant's testimony to this effect was corroborated by her husband, her treating psychiatrist stated that the fall aggravated her pre-existing psychiatric diagnosis, and these *contentions were not contradicted by her carrier-approved physician*). **Issue 2**. *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (holding the Appellate Panel is the ultimate finder of fact in workers' compensation cases); *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 (holding the final determination of witness credibility and the weight to be accorded evidence presented is reserved to the Appellate Panel); *Potter v. Spartanburg Sch. Dist.*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011) (providing the Appellate Panel has "the ability to ascertain the proficiency of an expert and to decide whether a 'higher degree of expertise' is needed regarding an award"). **Issue 3**. *Jordan*, 381 S.C. at 486, 674 S.E.2d at 168 (holding an appellate court must affirm the findings of fact made by the Appellate Panel of the Workers' Compensation Commission if they are supported by substantial evidence). **Issue 4**. *State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (finding the argument advanced on appeal was not raised and ruled on below and therefore was not preserved for review); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (noting "[a] party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground"); *Bazen v. Badger R. Bazen*

*Co.*, 388 S.C. 58, 65, 693 S.E.2d 436, 440 (Ct. App. 2010) (noting only issues raised to and ruled upon by the Appellate Panel are cognizable on appeal); *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("[W]hatever doesn't make any difference, doesn't matter."). **Issue 5**. *Airco, Inc. v. Hollington*, 269 S.C. 152, 160, 236 S.E.2d 804, 808 (1977) ("We have previously held that the statutory duty on the part of the [Workers' Compensation] Commission requires that findings of fact be made upon the *essential factual issues*." (emphasis added)); *Sanders*, 379 S.C. at 559, 666 S.E.2d at 300 ("[I]f a *material fact* is contested, the [Appellate Panel] must make a specific, express finding on it." (emphasis added)); *Nettles v. Spartanburg Sch. Dist. 7*, 341 S.C. 580, 590, 535 S.E.2d 146, 151 (Ct. App. 2000) (holding the Appellate Panel has a statutory duty to make a finding of fact for all "essential factual issues"); *McCall*, 294 S.C. at 4, 362 S.E.2d at 28 ("[W]hatever doesn't make any difference, doesn't matter.").

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We disagree with Respondents' assertion that the appeal in this matter is interlocutory and therefore not immediately appealable. Here, the Appellate Panel ruled on all of the issues before it and its order is an executable judgment. *See Bone v. U.S. Food Serv.*, 404 S.C. 67, 83, 744 S.E.2d 552, 561 (2013) (holding a "final judgment" as used in the Administrative Procedures Act is "something that finally disposes of the whole subject matter of the action or terminates the action, leaving nothing to be done but to execute the judgment"). Further, we find no merit to Respondents' equal protection argument, as our determination that the Appellate Panel's order is immediately appealable is not based on the party appealing.