**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

First Citizens Bank and Trust Company, Inc., successor by merger to Community Resource Bank, N.A., Respondent,

v.

SOH Properties, LLC, Ivan A. Roldan, and Eugene G. McDonald a/k/a Eugene G. McDonald, III, Defendants,

Of whom Eugene G. McDonald a/k/a Eugene G. McDonald, III, is the Appellant.

Appellate Case No. 2016-001895

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2019-UP-046
Submitted November 1, 2018 – Filed January 30, 2019

**AFFIRMED**

Eugene G. McDonald, of Columbia, pro se.

Stanley H. McGuffin and Mary M Caskey, both of Haynsworth Sinkler Boyd, PA, of Columbia, for Respondent.

**PER CURIAM:** This appeal arises from a foreclosure action filed by First Citizens Bank and Trust Company, Inc. Eugene G. McDonald, III, one of the defendants in the lawsuit appeals, arguing (1) the circuit court erred in denying him leave to amend his pleadings to assert certain counterclaims against First Citizens, (2) the master-in-equity (the master) erred in failing to apply the doctrine of promissory estoppel, (3) the master erred in refusing the apply the doctrine of unclean hands, and (4) the master granted unreasonably high attorney's fees to First Citizens. We affirm.[1]

1. We affirm the master's order on the basis that McDonald failed to show any resulting prejudice from the circuit court's ruling. Although McDonald was not permitted to amend his pleadings to include counterclaims for misrepresentation, promissory estoppel, and unclean hands, the master allowed McDonald to present evidence on these counterclaims during the final hearing over First Citizens' objection, as McDonald himself acknowledges in his brief. Because McDonald was given the opportunity to present evidence on his proposed counterclaims, he has failed to show he was ultimately prejudiced by any error in the denial of his motion to amend. *See Sanders v. Wal-Mart Stores, Inc.*, 379 S.C. 554, 562, 666 S.E.2d 297, 301 (Ct. App. 2008) ("An error not shown to be prejudicial does not constitute grounds for reversal." (quoting *JKT Co. v. Hardwick*, 274 S.C. 413, 419, 265 S.E.2d 510, 513 (1980))).

2. As to whether the master erred in failing to apply the doctrine of promissory estoppel, we affirm based on Rule 220(b), SCACR, and the following authorities: *N. Am. Rescue Prods., Inc. v. Richardson*, 411 S.C. 371, 379-80, 769 S.E.2d 237, 241 (2015) ("The elements of promissory estoppel are (1) an unambiguous promise by the promisor; (2) reasonable reliance on the promise by the promisee; (3) reliance by the promisee was expected by and foreseeable to the promisor; and (4) injury caused to the promisee by his reasonable reliance."); *Straight v. Goss*, 383 S.C. 180, 192, 678 S.E.2d 443, 449 (Ct. App. 2009) (noting that an appellate court, in reviewing findings of fact made in an equity matter, is "not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility").

3. As to McDonald's argument that the master erred in refusing to apply the doctrine of unclean hands, the appealed order lacked specific rulings on the questions of whether First Citizens acted unfairly during the litigation and whether

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

McDonald was prejudiced by the alleged misconduct. Therefore, we hold this issue was not preserved for appeal. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted *unfairly* in a matter that is the subject of the litigation to the prejudice of the defendant." (emphasis added)).

4. Finally, we hold McDonald, in failing to challenge First Citizens' request for attorney's fees at trial and in failing to move to alter or amend the foreclosure order regarding the master's award of attorney's fees to First Citizens, did not preserve his objection to the attorney's fees award for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Lafaye v. Timmerman (In re Timmerman)*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

**AFFIRMED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**